## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYMECO JONES, on behalf of herself and those similarly situated, <br> 826 South 6th Street <br> Camden, NJ 08104 <br><br> and <br><br> IESHA BULLOCK, on behalf of herself and those similarly situated, <br> 6202 Cresent Court <br> Glassboro, NJ 08028 <br><br> and <br><br> TEAIRRA PIZARRO, on behalf of herself and those similarly situated, <br> 1038 N. 31st Street Apt. 8 <br> Camden NJ 08105 <br><br> Plaintiffs, <br><br> v. <br><br> HEALTHCARE STAFFING/SILVER CARE d/b/a ALARIS HEALTH AT CHERRY HILL <br> 1417 Brace Road <br> Cherry Hill, NJ 08034 <br><br> and <br><br> JOHN DOES 1-10 <br><br> Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA <br><br> INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER NEW JERSEY WAGE AND HOUR LAW AND NEW JERSEY WAGE PAYMENT LAW <br><br><br> CIVIL ACTION NO: <br><br> **JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Tymeco Jones, Iesha Bullock, and Teairra Pizarro (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendants Healthcare Staffing/Silver

Care d/b/a Alaris Health at Cherry Hill and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law and New Jersey Wage Payment Law (hereinafter collectively "New Jersey Wage Laws"). Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs and those similarly situated proper overtime compensation in violation of the FLSA and New Jersey Wage Laws.

## JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Named Plaintiffs' federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.  This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff Tymeco Jones (hereinafter "Named Plaintiff Jones") is an adult individual with an address as set forth above.

8.      Named Plaintiff Iesha Bullock (hereinafter "Named Plaintiff Bullock") is an adult individual with an address as set forth above.

9.      Named Plaintiff Teairra Pizarro (hereinafter "Named Plaintiff Pizarro") is an adult individual with an address as set forth above.

10.     Defendant Healthcare Staffing/Silver Care d/b/a Alaris Health at Cherry Hill (hereinafter "Defendant Alaris") is an entity operating a nursing home at an address as set forth in the caption.

11.     Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiffs and those similarly situated proper compensation pursuant to the FLSA.

12.     Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll for Named Plaintiffs and those similarly situated.

13.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

presently and formerly employed as hourly employees of Defendants who work or worked for Defendants as "Certified Nursing Assistants" and/or in similar non-exempt positions with similar duties, and who are or were subject to Defendants' unlawful pay practices and policies (the members of this putative class are referred to as "Class Plaintiffs").

15.      This putative class includes a sub-class, "Night Shift Plaintiffs", consisting of all Class Plaintiffs who have worked the night shift for Defendants.

16.      Named Plaintiffs' claims are typical of the claims of the Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs, were employees of Defendants within the last three years whom Defendants required to work more than 40 hours per workweek and then failed to properly pay overtime wages as required by the Fair Labor Standards Act ("FLSA").

17.      There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18.      Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.   Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

19.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

20.      Named Plaintiffs brings their claims asserting violations of the New Jersey Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of

themselves and on behalf of all persons presently and formerly employed by Defendants as "Certified Nursing Assistants" and/or in similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies at any point in the three years preceding the date the instant action was initiated (the members of this putative class are also referred to as "Class Plaintiffs").

21.     This putative class includes a sub-class, "Night Shift Plaintiffs", consisting of all Class Plaintiffs who have worked during the night shift for Defendants.

22.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

23.     Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all Class Plaintiffs, were subject to the same unlawful wage policies and practices of Defendants.

24.     Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiffs have retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

25.     Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

26.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

27.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

28.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendants failed to pay proper overtime to Class Plaintiffs for hours worked in excess of 40 per workweek; and (2) whether Defendants had any good faith basis to conclude that their failure to pay Class Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

## FACTUAL BACKGROUND

29.     The foregoing paragraphs are incorporated herein as if set forth in full.

30.     In or around 2003, Defendants hired Named Plaintiff Jones as a certified nursing assistant ("CNA").

31.     In or around March 2006, Defendants hired Named Plaintiff Bullock as a CNA.

32.     In or around July 2009, Defendants hired Named Plaintiff Pizarro as a CNA.

33.    Named Plaintiffs continue to work for Defendants and perform patient care services.

34.    Class Plaintiffs perform/performed patient care services for Defendants.

35.    At all times relevant herein, Defendants considered Named Plaintiffs as non exempt employees entitled to overtime compensation as required by the FLSA and the New Jersey Wage laws.

36.    At all times relevant herein, Named Plaintiffs were non exempt employees entitled to overtime compensation as required by the FLSA and the New Jersey Wage laws.

37.    At all times relevant herein, Defendants considered Class Plaintiffs as non exempt employees entitled to overtime compensation as required by the FLSA and the New Jersey Wage laws.

38.    At all times relevant herein, Class Plaintiffs as non exempt employees entitled to overtime compensation as required by the FLSA and the New Jersey Wage laws.

39.    Named Plaintiffs regularly work for Defendants in excess of 40 hours per workweek.

40.    Class Plaintiffs regularly work/worked for Defendants in excess of 40 hours per workweek..

41.    Named Plaintiffs do not have the authority to hire or fire other employees of Defendants.

42.    Class Plaintiffs do/did not have the authority to hire or fire other employees of Defendants.

43.    Named Plaintiffs do not have the authority to schedule employees of Defendants.

44.     Class Plaintiffs do/did not have the authority to schedule employees of Defendants.

## UNLAWFUL OVERTIME RATES

45.     Defendants pay Named Plaintiffs a variety of hourly premiums or shift differentials, in addition to their base pay.

46.     Defendants pay/paid Class Plaintiffs a variety of hourly premiums or shift differentials, in addition to their base pay.

47.     Defendants label these different shift differentials as "Raise Differential," "Frills," and "Differential" on Named Plaintiffs' pay stubs.

48.     Named Plaintiff Jones earns a base rate of $12.70 per hour.

49.     Named Plaintiff Bulluck earns a base rate of $11.25 per hour.

50.     Named Plaintiff Pizarro earns a base rate of $10.87 per hour.

51.     Defendants do not pay Named Plaintiffs any shift differential that exceeds 1.5 times their base rates.

52.     Defendants do/did not pay Class Plaintiffs any shift differential that exceeds 1.5 times their base rates.

53.     Defendants do not pay Named Plaintiffs any shift differential that has the purpose of compensating Named Plaintiffs for hours worked in excess of eight (8) in a day or in excess of 40 hours in a workweek.

54.     Defendants do/did not pay Class Plaintiffs any shift differential that has/had the purpose of compensating Class Plaintiffs for hours worked in excess of eight (8) in a day or in excess of 40 hours in a workweek.

55.     Defendants failed to use a "weighted average," by not applying all shift differentials, when determining Named Plaintiffs' regular rate, upon which their overtime rate is based.

56.     Accordingly, Defendants pay Named Plaintiffs less than 1.5 their regular rate for hours that Named Plaintiffs work in excess of 40 hours per workweek.

57.     Defendants failed to use a "weighted average", by not applying all shift differentials, when determining Class Plaintiffs' regular rate, upon which their overtime rate is/was based.

58.     Accordingly, Defendants pay/paid Class Plaintiffs less than 1.5 their regular rate for hours that Named Plaintiffs work in excess of 40 hours per workweek.

59.     By way of example only, during the 2-week pay period of January 20, 2013 to February 2, 2013:

   a.   Plaintiff Jones worked 62.5 hours regular and 12.75 hours overtime;

   b.   Hence, while Plaintiff Jones does not know, without discovery, the specific number of hours that she worked in each week of the 2-week pay period, she apparently worked 52.75 hours one workweek (40 regular + 12.75 overtime hours) and 22.5 hours the other.

   c.   Plaintiff Jones received a "Raise Diff" of $1.25 for 52.5 hours during the 2-week pay period.  At a minimum, at least 30 of these hours *must have been worked* during the workweek wherein Plaintiff Jones worked overtime.

   d.   Plaintiff Jones received a "differential" of $3.00 per hour for 7.5 hours worked during this 2-week pay period, although without discovery, Plaintiff Jones cannot

know for certain whether any of this time was worked during the week she worked 52.5 hours.

e. Regardless, at a minimum, Plaintiff Jones received $37.50 in "Raise Diff" during the overtime week where Plaintiff Jones worked 52.75 hours. This results in her regular rate increasing by at least $0.71 per hour.

f. Accordingly, Defendants should have paid Plaintiff Jones at least a 50% overtime premium on the additional hourly rate for the 12.75 hours of overtime worked, resulting in a net increase in overtime owed of $4.53 ($0.71 * .5 (OT premium) * 12.75 overtime hours).

g. Again, without discovery, Plaintiff Jones cannot calculate the exact amount she is owed, but it is clear from her pay records that the *least* amount that Defendants failed to pay her as required by the FLSA and the New Jersey Wage Laws is $4.53 for this pay period.

60.     The above is merely an example of Defendants' conduct and demonstrates how same injured Plaintiff Jones during a single pay period.

61.     Defendants' conduct regularly injures/injured Named Plaintiffs and Class Plaintiffs in this way throughout their employment with Defendants.

62.     Defendants' practice of not applying all shift differentials to determine the regular rate consistently occurs/occurred in nearly all pay periods that Named Plaintiffs and Class Plaintiffs work/worked, save only the pay periods where Named Plaintiffs and Class Plaintiffs do/did not work in excess of 40 hours or where shift differentials are/were not provided.

### UNPAID MEAL BREAKS
**(Named Plaintiff Jones, Named Plaintiff Pizarro, and Night Shift Plaintiffs v. Defendants)**

63.     Named Plaintiff Jones and Named Plaintiff Pizarro work during the night shift.

64.     Night Shift Plaintiffs work/worked during the night shift.

65.     Defendants automatically deduct 30 minutes of paid time from Named Plaintiffs Jones' and Pizarro's paychecks for each shift that they worked when they do not take a bona-fide meal break of at least 30 minutes.

66.     Defendants automatically deduct/deducted 30 minutes of paid time from Night Shift Plaintiffs' paychecks for each shift that Night Shift Plaintiffs worked when Night Shift Plaintiffs did not take a bona-fide meal break of at least 30 minutes.

67.     Named Plaintiffs Jones and Pizarro rarely, if ever, take bona-fide 30-minute uninterrupted meal breaks.

68.     Accordingly, Defendants regularly dock Named Plaintiffs Jones and Pizarro for 30-minute meal breaks which they do not take, resulting in Named Plaintiffs Jones and Pizarro not being paid for all hours worked.

69.     As Named Plaintiffs Jones and Pizarro often work over 40 hours per workweek, this unpaid time results in Named Plaintiffs Jones and Pizarro being denied proper overtime compensation.

70.     Upon information and belief, Night Shift Plaintiffs rarely, if ever, take/took a bona-fide 30 minute uninterrupted meals break.

71.     Accordingly, Defendants regularly dock/docked Night Shift Plaintiffs for 30 minute meal breaks which Night Shift Plaintiff do/did not take, resulting in Night Shift Plaintiffs not being paid for all hours worked.

72.     As Night Shift Plaintiffs often work/worked over 40 hours per workweek, this unpaid time results in Night Shift Plaintiffs being denied proper overtime compensation.

73.     As a result of Defendants' aforesaid illegal actions, Named Plaintiffs and Class Plaintiffs have suffered damages.

**COUNT I**
**Violations of the Fair Labor Standards Act (FLSA)**
**(Failure to Pay Proper Overtime Compensation)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

74.     The foregoing paragraphs are incorporated herein as if set forth in full.

75.     At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

76.     At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

77.     At all times relevant herein, Named Plaintiffs and Class Plaintiffs are/were employed with Defendants as "employees" within the meaning of the FLSA.

78.     Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

79.     Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiffs and Class Plaintiffs at least 1.5 times their regular rate of pay for all hours worked in excess of forty per workweek as explained *supra*.

80.     Defendants' conduct in failing to properly pay Named Plaintiffs and Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

81.     Defendants' conduct caused Named Plaintiffs and Class Plaintiffs to suffer damages.

## COUNT II
### Violations of the New Jersey Wage Laws
### (Failure to pay Overtime Compensation)
### (Named Plaintiffs and Class Plaintiffs v. Defendants)

82.     The foregoing paragraphs are incorporated herein as if set forth in full.

83.     At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the New Jersey Wage Laws.

84.     At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

85.     At all times relevant herein, Named Plaintiffs and Class Plaintiffs are/were employed with Defendants as "employees" within the meaning of the New Jersey Wage Laws.

86.     Under the New Jersey Wage Laws, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

87.     Defendants' conduct in failing to pay Named Plaintiffs and Class Plaintiffs proper overtime compensation for all hours worked beyond 40 per workweek violated the New Jersey Wage Laws.

88.     Defendants' conduct in failing to properly pay Named Plaintiffs and Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

89.     Defendants' conduct caused Named Plaintiffs and Class Plaintiffs to suffer damages.

## COUNT III
### Violations of the New Jersey Wage Laws
### (Failure to Pay Wages Earned)
### (Named Plaintiffs and Class Plaintiffs v. Defendants)

90.     The foregoing paragraphs are incorporated herein as if set forth in full.

91.     Defendants' conduct in failing to pay Named Plaintiffs and Class Plaintiffs all wages earned violated the New Jersey Wage Laws.

92.     Defendants' conduct caused Named Plaintiffs and Class Plaintiffs to suffer damages.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B.     Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

C.     Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D.     Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E.     Named Plaintiffs and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.


Respectfully Submitted,

*/s/ Justin Swidler*

Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420

Fax: (856) 685-7417

Dated: December 30, 2013

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to their cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.