UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------------------------x No. 13-cv-7910(NLH)(AMD)
TYMECO JONES, et al.

**Plaintiffs,**

    **-against-**

HEALTHCARE STAFFING/SILVER CARE
d/b/a ALARIS HEALTH AT CHERRY HILL, et al.

**Defendants.**

--------------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**
**(Motion Day is March 17, 2014)**

**Goldberg and Weinberger LLP**
**Stuart A. Weinberger, Esq.**
**630 Third Avenue, 18th Floor**
**New York, New York 10017**
**(212) 867-9595 x313**

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS ..................................................................................................1

ARGUMENT .......................................................................................................................4

I.   STANDARD OF REVIEW ........................................................................................4

II.  PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED
    A CLAIM UNDER THE FLSA ................................................................................6

    A. Allegations Regarding an Unlawful Overtime Rate .....................................7

    B. Allegations Regarding Unpaid Meal Breaks..............................................11

III. PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED A
    COLLECTIVE ACTION CLAIM UNDER THE FLSA..................................................14

IV.  THE COURT MUST DISMISS THE INDIVIDUAL
    AND CLASS CLAIMS UNDER NEW JERSEY LAW ..................................................18

V.   ANY CLAIM FOR INJUNCTIVE RELIEF
    MUST BE DISMISSED ..........................................................................................22

CONCLUSION..................................................................................................................23

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,
    173 L.Ed.2d 868 (2009) ............................................................5, 15, 18, 20, 21

*Attanasio v. Community Health Systems, Inc.*, 2011 WL 5008363
    (W.D.Pa. Oct. 20, 2011) ........................................................ 6, 7, 8, 9, 11, 13

*Balgowan v. New Jersey,* 115 F.3d 214 (3d Cir.1997) .................................................22

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,
    167 L.Ed.2d 929 (2007) ........................................4, 5, 13, 14, 15, 18, 19, 21, 22

*Cavallaro v. UMass Memorial Health Care Inc.*, 2011 WL 2295023
    (D.Mass. June 8, 2011) ........................................................................6

*Chao v. Gotham Registry, Inc.,* 514 F.3d 280 (2nd Cir. 2008) .....................................12

*City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256 (3d Cir. 1998) ........................6

*Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003)........................................14

*D&D Associates, Inc. v. Board of Education of North Plainfield*,
    - Fed.Appx.- (3rd Cir. 2014) .................................................................22

*Dyer v. Lara's Trucks, Inc.*, 12-CV-1785-TWT, 20013 WL 609307
    (N.D. Georgia Feb. 19, 2013) ..........................................................14, 15

*Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ...............4

*Flynn v. Stonegate Mortgage. Corp.*, 2010 U.S. Dist. LEXIS 90878,
    (D. Kan. Aug. 30, 2010) .....................................................................22

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)...........................................4

*Frye v. Baptist Memorial Hospital*, 2010 WL386259185
    (W.D. Tenn. Sept. 27, 2010), *affd*. 495 Fed. Appx. 669 (6th Cir. 2012)...........11

*Gould Elecs. v. United States*, 220 F.3d 169 (3d Cir. 2000)........................................4

*Hill v. United States*, 751 F.2d 810 (6th Cir. 1984) .......................................12, 13, 20

*Hussein v. Lolita Realty*, Civ. No. 2:11-cv-03955(KM),
    2013 WL 5530256 .............................................................................22

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ......................................6

*Ledbetter v. Pruitt*, 2007 WL 496451 (M.D. Ga. Feb. 12, 2007) ...........................................17, 22

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61,
   112 S.Ct. 2130, 119 L.Ed.2d 351, (1992) ..........................................................................6

*Lundy v. Catholic Health System of Long Island, Inc.*,
   717 F.3d 106 (2nd Cir. 2013) .......................................................................................14

*Luxama v. Ironbound Exp., Inc.*, Civil Action No. 11-2224(ES),
   2012 WL 5973277 (D.N.J. June 28, 2012) ....................................................................20

*Maldonado v. Lucca*, 629 F.Supp. 483 (D.N.J. 1986) .................................................................18

*Malleus v. George*, 641 F.3d 560  (3d Cir. 2011) ..............................................................5, 6, 20

*Mell v. Gnc Corp.*, 2010 WL 4668966 (W.D.Pa. Nov. 9, 2010) ...............................................6, 7

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) .................................................6

*Natakata v. New York-Presbyterian Healthcare System, Inc.*,
   723 F.2d 192 (2nd Cir. 2013) .................................................................................12, 13

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir. 1993) ....................................................................................... 5

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .....................................................5

*Pickering v. Lorrillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW[Wo],
   2011 WL 111730 (M.D. Alabama Jan. 13, 2011) ...........................................................18

*Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012) .......................................................12, 13, 14

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683,
   40 L.Ed.2d 90 (1974) .......................................................................................................4

*St. Croix v. Genentech, Inc.*, No.8:12-cv-891-T-33 EAJ,
   2012 WL 2376668 (M.D. Florida June 22, 2012)  ....................................................14, 18

*Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189 (3d Cir. 2011),
   *reversed on other grounds*, 133 S.Ct. 1523, __U.S.__ (2013) .........................................16

*Verdecchio v. Tri-County Real Estate Maintenance Co., Inc.*,
   2012 WL 6624200, (D.N.J. Dec. 19, 2012) .................................................10, 14, 15, 16

iii

## **Statutes and Rules**

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq..................................................1

29 U.S.C. § 206................................................................................................................6

29 U.S.C. § 207................................................................................................................6

29 U.S.C. § 216................................................................................................................3

Fed.R.Civ.P. 8.................................................................................................................4

Fed.R.Civ.P. 12........................................................................................................4, 8, 14

Fed.R.Civ.P. 23.......................................................................................................20, 21

## PRELIMINARY STATEMENT

Defendant SCO, Silver Care Operations LLC d/b/a Alaris Health at Cherry Hill ("SCO") (incorrectly sued herein as Healthcare Staffing/Silver Care d/b/a Alaris Health at Cherry Hill) (Declaration of Stuart Weinberger dated Feb. 7, 2014 ("Weinberger Decl.") at ¶ 1), hereby moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nowhere in the Complaint do Plaintiffs even come close to alleging a cause of action under The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In the absence of any federal claim the Court should decline to exercise supplemental jurisdiction over Plaintiffs' claims under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (collectively referred to as NJWPL) or, in the alternative, dismiss said claims on their merits.

## STATEMENT OF FACTS

Defendant SCO operates a nursing home at 1417 Brace Road, Cherry Hill, New Jersey. (Weinberger Decl. Ex. A (hereinafter, "Compl.") at ¶ 10.) SCO allegedly employed Plaintiffs as Certified Nursing Assistants performing patient care services. (Compl. at ¶¶ 30-33.)[1] Plaintiff Tymeco Jones has allegedly been employed since 2003 and earns a base rate of pay of $12.70 per hour. (Compl. at ¶¶ 30, 48.) Plaintiff Iesha Bullock has allegedly been employed since March 2006 and earns a base rate of $11.25 per hour. (Compl. at ¶¶ 31, 49.) Plaintiff Teairra Pizarro has allegedly been employed since July 2009 and was paid a base rate of $10.87 per hour. (Compl. at ¶¶ 32, 50.) Each Plaintiff was allegedly employed as a non-exempt employee entitled to overtime compensation under the FLSA. (Compl. at ¶ 35.)

---

[1] In accordance with well-established principles applicable to motions to dismiss under Fed.R.Civ.P. 12(b)(6), the facts set forth herein are presumed true only for purposes of this motion, and Defendant in no way waive their right to dispute the facts set forth herein at a later date should this matter not be dismissed.

Plaintiffs allege that SCO did not properly pay them overtime pay in accordance with the FLSA. Plaintiffs do not allege that they did not receive overtime pay for hours worked over 40 hours per week. Instead, Plaintiffs allege that they were not paid at the correct overtime rate of pay. In this light, Plaintiffs allege that SCO did not utilize a "weighted average" by adding any shift differentials paid to Plaintiffs' base rate of pay in order to calculate Plaintiffs' "regular rate of pay" as defined by the FLSA, and thus incorrectly calculated their overtime rate of pay to a rate less than what they should have received had SCO utilized a weighted average to calculate the regular rate of pay. (*See* Compl. at ¶ 55.) Accordingly, Plaintiffs allege that they were not paid at their true overtime rate of 1.5 times their regular rate of pay, but instead at a reduced overtime rate that did not take into account any shift differentials they may have earned. (Compl. at ¶ 56.)

Plaintiffs provide one single "example" of their allegations by referring to Jones's biweekly pay period beginning January 20, 2013 and ending February 2, 2013. (Compl. at ¶ 59.) They claim that SCO compensated Jones for 62.5 regular hours and 12.75 overtime hours, which they claim would mean that Jones worked 52.75 hours in one week (40 regular plus 12.75 overtime) and 22.5 hours the other week. (*Id.*) Plaintiffs also claim that Jones received a "Raise Diff" of $1.25 for 52.5 hours during the pay period, and that at least 30 of those hours must have been worked during the workweek where Jones worked overtime. (*Id.*) Plaintiffs additionally claim that Jones received a "differential" of $3.00 per hour for 7.5 hours worked during this pay period, but that Jones does not know whether those 7.5 hours were worked during the same week that she allegedly worked overtime. (*Id.*)

Plaintiffs then allege that because, at a minimum, Jones worked 30 hours during her overtime work-week (out of 52.75 hours) with a differential of $1.25, that an additional $37.50 (30 hours multiplied by $1.25) should have been added to Jones FLSA regular rate for the week,

which when averaged over the course of 52.75 hours would show that her regular rate should have been increased by $0.71 per hour ($37.50 divided by 52.75 hours) before her overtime pay was calculated. (*Id.*). By extension, Plaintiff claims, she should have been paid an extra $4.53 in overtime for that workweek ($0.71 multiplied by 0.5 FLSA overtime premium multiplied by 12.75 overtime hours). (*Id.*). Plaintiff Jones claims that she cannot calculate the exact amount "owed" but that the "least amount" she is claiming is $4.53 for that pay period. Besides being unable to indicate what she is owed, Plaintiff Jones provides no other instance, including any other week, where she was supposedly improperly paid. Nor are there any specific allegations showing how Plaintiffs Bullock and Pizarro were allegedly paid at an inappropriate rate.

In addition to Plaintiffs' conclusory claim that shift differential was not applied to their regular rate of pay, Plaintiffs Jones and Pizarro (not Plaintiff Bullock) also claim that SCO automatically deducted 30 minutes of paid time from their pay per night shift for a meal break that was allegedly interrupted, and that because they "often" worked over 40 hours per week, this unpaid time may also result in them being paid less overtime compensation than what the FLSA requires. (Compl. at ¶¶ 63-70.) Plaintiffs do not indicate in any way which weeks they allegedly worked during a lunch break which would also result in them losing overtime hours.

Plaintiffs bring these claims as a putative collective action under 29 U.S.C. § 216(b) in which they purportedly represent:

> all persons presently or formerly employed as hourly employees of Defendants who work or worked for Defendants as "Certified Nursing Assistants" and/or in similar non-exempt positions with similar duties, and who were subject to Defendants' unlawful pay practices and policies.

(Compl. at ¶ 14.) Allegedly there is also a subclass of "Night Shift Plaintiffs" within the purported class. (Compl. at ¶ 15.) Plaintiffs also bring their claims under the NJWPL as a class action with a similar subclass.

For the reasons set forth below, the law is clear that such general, non-specific, conclusory allegations are insufficient to state a claim under the FLSA and NJWPL, requiring the dismissal of the Complaint.

## ARGUMENT

### I.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Court's role on this motion is to determine if Plaintiffs are entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although the Court will not consider whether Plaintiffs will ultimately prevail, *see id.*, if SCO meets its burden of establishing that Plaintiffs' Complaint itself fails to even state a claim, then the Complaint must be dismissed. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Although a short and plain statement is all that is required, the Complaint still must give SCO fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). Generally speaking, detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, non-specific, conclusory statements simply do not suffice because "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, Plaintiffs' Complaint must "show" this entitlement by alleging specific facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

1950, 173 L.Ed.2d 868 (2009). Accordingly, it has been held that the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is then appropriate if, even accepting all the facts alleged in the complaint as true, Plaintiffs have not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. This means that the Complaint contains enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each required element of the claim, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.Ct. at 1950.

While considering a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion. *Id.*

The Court should not assume that Plaintiffs can prove facts that are not alleged in the Complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit the "'bald assertions'" or "'legal conclusions'" contained in the Complaint. *Morse v.*

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## II.   PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED A CLAIM UNDER THE FLSA

As the Third Circuit requires, the first step of the inquiry on a motion to dismiss is to" identify the elements of the claim." *Malleus*, 641 F.3d at 563. Among other things, the FLSA requires an employer to compensate an employee for each hour worked based on the federal minimum wage, 29 U.S.C. § 206(a), and to pay overtime compensation for each hour worked beyond 40 in a given workweek. 29 U.S.C. § 207(a)(1). In order to state a claim under the FLSA, Plaintiffs must sufficiently allege that "'(1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) [s]he was an 'employee' as defined by the FLSA; and (3) [s]he worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty.'" *Attanasio v. Community Health Systems, Inc.*, 2011 WL 5008363, at *3 (W.D.Pa. Oct. 20, 2011) (quoting *Mell v. Gnc Corp.*, 2010 WL 4668966 (W.D.Pa. Nov. 9, 2010)).

Moreover, "'[i]Inclusion of class allegations does not relieve a plaintiff of alleging that she has suffered an injury in fact, fairly traceable to the challenged action of the defendants, that may be redressed by a decision in her favor.'" *Id.* at *4 (quoting *Cavallaro v. UMass Memorial Health Care Inc.*, 2011 WL 2295023 at *2 (D.Mass. June 8, 2011) and citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351, (1992)). The standing requirements are not relaxed merely because of the existence of a class action. *Id.* (citation omitted).

Even assuming that Defendant is engaged in commerce as defined by the FLSA, which is not alleged in the Complaint at all, which is not alleged in the Complaint beyond a mere conclusory

assertion of same, Plaintiffs have not sufficiently alleged that they were denied overtime compensation for the hours they worked over 40 in a given workweek.

    A.    <u>**Allegations Regarding an Unlawful Overtime Rate**</u>

"While highly specified figures need not be pleaded, Plaintiffs must be 'able to estimate the time periods in which they worked without proper overtime compensation.'" *Attanasio*, 2011 WL 5008363, at *7 (quoting *Mell v. GNC Corp.*, 2010 WL 4668966, at * 8 (W.D.Pa. Nov. 9, 2010)). Although "precise records as to days and hours owed are not necessary," Plaintiffs must allege sufficient facts from which it can be determined through "'a just and reasonable inference that in their capacity as employees . . . they worked a concrete number of hours for which they were improperly compensated.'" *Attanasio*, 2011 WL 5008363, at *7 (quoting *Beaulieu v. Vermont*, 2010 WL 3632460, at *5 (D.Vt. Aug. 5, 2010) (finding individualized determinations as to each Plaintiff based on a weekly estimate sufficient to meet the pleading standards)). "The critical component of a complaint alleging violations of Section 207 is an approximation of the number of unpaid weekly overtime hours worked over the employment period." *Id.* "'At a minimum, it must set forth the approximate number of unpaid regular and overtime hours allegedly worked.'" *Id.* [citation omitted].

In *Attanasio*, the plaintiffs alleged that they "routinely worked more than 40 hours per week and [were] routinely subjected to the scheduling, timekeeping and pay policies and practices described herein." 2011 WL 5008363, at *7 (internal citation omitted) (alteration in original). The plaintiffs alleged that were underpaid in violation of the FLSA because "during roughly 95% of their unpaid meal breaks each month" the defendants failed to "ensure that Plaintiffs and the Class members were completely relieved from all work-related duties during each of their unpaid meal breaks." *Id.* (internal citations omitted). The Plaintiffs also alleged that they were uncompensated

for roughly two to three "hours of unpaid uniform maintenance work each week separate and apart from their regular household laundry or clothing maintenance chores." *Id.* (internal citation omitted). The defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) on the grounds that there were no specific allegations that any of the plaintiffs ever worked more than 40 hours per week or of an approximate amount of any unpaid overtime they claim to have worked. *Id.* at *2. The plaintiffs' response was that they

> have provided enough information to enable the Court to calculate the amount of overtime owed. Specifically, Plaintiffs aver that from their estimations that Plaintiffs were made to work 95% of their meal breaks, and two-to-three hours each week on uniform maintenance, the Court could, assuming a standardized annual schedule, find that each Plaintiff was entitled to a sum of 351 to 403 hours of uncompensated time per Plaintiff per year.

*Id.* at *7 (internal citation omitted).

The *Attanasio* Court dismissed the complaint, and in doing so had no trouble finding that such allegations were insufficient to state a claim for relief. As an initial matter, the Court found, it was unclear whether each of the plaintiffs would be entitled to such additional time at their standard or overtime pay rate, and second, it was not clear from the complaint as to the period in which each of the named plaintiffs worked for the defendants and would be potentially entitled to such extra compensation. *See id.* The court specifically found that "without knowing more about these named Plaintiffs' express employment circumstances, it is not possible for the Court to compute the time owed." *Id.* The court recognized that pleading principles under the FLSA do not require exact determinations, but nevertheless found:

> the instant Pleadings are insufficient to determine what, if any, any of the named Plaintiffs are potentially owed. For each of the three named Plaintiffs, the Complaint only claims that each were [sic] harmed over the "relevant period." Even assuming these parties did share the exact same "relevant period," the Pleadings further fail to indicate whether any one Plaintiff was harmed more than others. In other words, it may be the case that one of more of the named Plaintiffs was compensated for at least some of the extra time worked—it is impossible to tell.

*Id.* at *7. The court then held:

> FLSA pleading requires some coherent approximation of the time owed. Though the instant Pleadings do make globalized assertions as to the general loss suffered by the Plaintiffs, the facts alleged do not even attempt to offer any sort of individualized amount. Therefore, as the Complaint fails to include this necessary element of the Plaintiff's claim, the Motion to Dismiss will be granted.

*Id.* at *8.

Similar to the pleadings in *Attanasio*, the pleadings in this case make no attempt to determine or approximate the amount of overtime owed for each Plaintiff, assuming any overtime is owed at all. Plaintiffs Bullock and Pizarro include no allegations at all regarding their own situation such that the Court can determine whether they have plausibly stated a claim for relief. The *only* allegations regarding the allegedly unlawful overtime rate with respect to Bullock and Pizarro are generalized statements that any shift differentials they received were not added to their base rate of pay in order to determine the regular rate of pay and overtime rate of pay under the FLSA. (Compl. at ¶¶ 45-55.) They then go on to allege that "[a]ccordingly, Defendants pay Named Plaintiffs less than 1.5 their regular rate for hours that Named Plaintiffs work in excess of 40 hours per week." (Compl. at ¶ 56.) Plaintiffs Bullock and Pizarro appear to only rely on the "example" given by Plaintiff Jones in order to support their own individual claims. (Compl. at ¶¶ 59-62.)

Plaintiffs Bullock and Pizarro do not even allege anywhere in the Complaint that they were paid a shift differential or that they received said differential in a week where they worked more than 40 hours. Therefore, Plaintiffs Bullock and Pizarro do not adequately allege that their regular rate was incorrectly calculated such that their overtime rate was incorrectly calculated. Even if it could be inferred that that is what they are alleging, Plaintiffs Bullock and Pizarro do not allege that when they did receive a shift differential, that they received it in a week that they worked overtime such that they were damaged by the way they were allegedly paid. Further, even if that much were alleged, Plaintiffs Bullock and Pizarro do not allege how often they purportedly were

paid incorrectly for their overtime hours based upon this alleged practice. Moreover, even if that much were alleged, Plaintiffs Bullock and Pizarro do not even attempt to allege when these hours were worked such that it could be determined that they worked within the applicable statute of limitations under the FLSA. Finally, even if they had alleged when they worked, they do not even attempt to approximate the amount of overtime hours they worked at an incorrect rate, or the amount of money they are allegedly owed by Defendants.

With respect to Plaintiff Jones, her attempt at specific pleading regarding her own claim fares no better. Plaintiff Jones provides the Court with one example of a biweekly pay period, and even in doing so admits that she "does not know, without discovery, the specific number of hours that she worked in each week of the 2-week pay period," and further states that "[a]gain, without discovery, Plaintiff Jones cannot calculate the exact amount she is owed." (Compl. at ¶ 59(a) & (g).) Defendants should not have to suffer defending a frivolous claim just so that Plaintiff Jones can conduct "discovery" in order to determine *whether* she has a claim.

As this Court has noted previously, courts have recognized that the "'critical component of a complaint alleging violations of Section 207 is an approximation of the number of unpaid weekly overtime hours worked over the employment period.'" *Verdecchio v. Tri-County Real Estate Maintenance Co., Inc.*, 2012 WL 6624200, at *3 (D.N.J. Dec. 19, 2012) (quoting *Attanasio*, 2011 WL 5008363 at *7). By extension, with respect to a claim such as the one at bar, where it is alleged that overtime hours were actually paid but that they were instead paid at the wrong rate, a critical component of such a claim is an approximation of the amount lost as a result of any alleged inaccurate overtime calculation. Here, Plaintiffs do not even attempt to provide any estimation of their amount of overtime hours or the amount that they allegedly should have been paid but for Defendants' alleged miscalculation.

10

B.     **Allegations Regarding Unpaid Meal Breaks**

Plaintiffs Jones and Bizarro (not Bullock)[2] also allege that they worked on the night shift

and the SCO automatically deducted 30 minutes of paid time from their paychecks for each shift

that they worked for a meal break that they claim they did not take. (Compl. at ¶¶ 64-64.) They go

on to allege that this deduction is unlawful because they "rarely, if ever, take a bona-fide 30-minute

uninterrupted meal break[]." (Compl. at ¶ 67.) Thus, Plaintiffs Jones and Pizarro claim that they

were not paid for all hours worked (Compl. at ¶ 68), and that because they "often worked over 40

hours per workweek, this unpaid time results in Named Plaintiffs Jones and Pizarro being denied

proper overtime compensation" (Compl. at ¶ 69). Such allegations are clearly insufficient to state

a claim.

First, an employer does not violate the FLSA by automatically deducting for meal breaks.

*Frye v. Baptist Memorial Hospital*, 2010 WL386259185, at *7 (W.D. Tenn. Sept. 27, 2010) *affd*.

495 Fed. Appx. 669 (6th Cir. 2012).  Moreover, there is no duty to ensure that the employees are

taking uninterrupted meal breaks. *Id.* It is only the employer's failure to pay once it knows that the

employees are not taking uninterrupted meal breaks because "an employer's actual or implied

knowledge . . . is a necessary condition to finding the employer suffers or permits that work." *Chao*

*v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008) (citations omitted).  In addition, another

essential element that must be pled is that the meal breaks required the employee "to give up a

substantial measure of his time and effort." *Hill v. United States*, 751 F.2d 810, 815 (6th Cir. 1984).

There are no allegations in the Complaint at all that state that the meal break deduction

they allege was known by SCO management and that it resulted in unpaid overtime, other than a

---

[2] In the Complaint, Plaintiffs state that Bullock is not part of the claim involving employees working through their meal breaks.  However, Plaintiffs in the allegations in Count I under the FLSA claim do not exclude Bullock from the claim involving the meal breaks. To the extent that there is no exclusion, any claim that Bullock worked through the meal breaks and was not paid in violation of the FLSA must be dismissed.

general conclusion that such was the case.  The Complaint merely states that because Plaintiffs Jones and Pizarro "often worked over 40 hours per workweek, this unpaid time results in Named Plaintiffs Jones and Pizarro being denied proper overtime compensation." (Compl. at ¶ 69.) How much time is not pled. Nor is it pled whether the entire 30 minutes were spent working or simply a portion of it.

In *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012), the Court dismissed a complaint involving claims that employees worked during their meal breaks where they simply alleged that they "regularly worked" more than 40 hours per week. *Id.* at 12. The Court found that such an allegation "[s]tanding alone . . . is little more than a paraphrase of the statute." *Id.* at 13. In dismissing the complaint, the Court held "even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time of either plaintiff or describe the nature of the work performed during these times." *Id.* at 14.

Similarly, in *Natakata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.2d 192 (2d Cir. 2013), the Court dismissed a collective action claim where employees alleged, in part, that they worked through their meal breaks. The Court held that:

> Plaintiffs have merely alleged that they were not paid for overtime hours worked. These allegations- that Plaintiffs were not compensated for work performed during meal breaks, before and after shifts, or during required trainings- raise the possibility that Plaintiffs were undercompensated in violation of the FLSA and NYLL; however, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do no state a plausible claim for such relief. To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a week. For these reasons, the District Court properly dismissed the FLSA and NYLL overtime claims.

*Id.* at 201.

As set forth above, in *Attanasio*, the court dismissed such a claim where the plaintiff simply alleged that she worked through her meal break approximately 95% of the time, without any

allegations as to whether the time should be paid at straight time or overtime rates, when these interruptions allegedly occurred, or any other information that would allow the court to compute the approximate amount owed.

In the case at bar, Plaintiffs Jones and Pizarro have pled far less than what was pled by the plaintiffs in *Pruell*, *Natakata*, and *Attanasio*. Plaintiffs' claim in this case does not provide SCO with "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiffs Jones and Pizarro provide no allegations of the time periods involved or the frequency that their breaks were interrupted, other than by saying that they "rarely, if ever, take a bona-fide 30-minute uninterrupted meal break[]." (Compl. at ¶ 67.) There is also no hint of whether the breaks were entirely interrupted or partially interrupted such that it can be determined whether the deduction was improper, as the FLSA does not require payment for interruptions which are *de minimis*, but only those interruptions which require employees "to give up a substantial measure of [their] time and effort." *Hill*, 751 F.2d at 815. Plaintiffs Jones and Pizarro do not allege who authorized the work, who knew that the breaks were interrupted, or whom they told about their breaks being interrupted.

There are no allegations as to which workweeks the interrupted breaks occurred in such that it can be determined whether the break should have been paid at a straight time or overtime rate, or indeed whether the interruption resulted in an overtime violation under the FLSA at all because there is no indication that by the inclusion of the time, then that would mean Plaintiffs Jones and Pizarro worked beyond a 40-hour workweek. Plaintiffs' allegations "supply nothing but low-octane fuel for speculation, not the plausible claim that is required." *Lundy v. Catholic Health System of Long Island, Inc.*, 717 F.3d 106 (2d Cir. 2013) (dismissing an employees' claims and a collective action involving, in part, meal breaks where employees did not identify one single week

that they worked during their meals and where they worked more than 40 hours.) There is not even an approximation of the amount Plaintiffs are owed for the alleged failure to take an uninterrupted meal break. What Plaintiffs Jones and Pizarro have done is simply allege "labels and conclusions" and "a formulaic recitation" of a claim. *Twombly*, 550 U.S. at 570. While exact dates and times are not required, Plaintiffs Jones and Pizarro still must allege the essential elements of their claim such that it can be determined what the basis for the claim is and the grounds upon which it rests. They have clearly failed to do so in this case

## III.   PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED A COLLECTIVE ACTION CLAIM UNDER THE FLSA

Courts have granted motions made under Rule 12(b)(6) to dismiss collective actions. *Pruell*, 678 F.3d at 18; *St. Croix v. Genentech, Inc.*, No.8:12-cv-891-T-33 EAJ, 2012 WL 2376668 (M.D. Florida June 22, 2012). These motions to dismiss collective actions have been granted even though the plaintiffs' individual claims under the FLSA have not been dismissed. *Dyer v. Lara's Trucks, Inc.*, 12-CV-1785-TWT, 20013 WL 609307 (N.D. Georgia Feb. 19, 2013). Besides moving to dismiss, a defendant also may move to strike class allegations before discovery where the complaint indicates that a class cannot be maintained. *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003). In the case at bar, the collective action claims including the shift differential in the payment of overtime and not paying for meal breaks must be dismissed or struck.

Since Plaintiffs themselves have not pleaded necessary facts to maintain their own individual claims, their attempt to maintain a collective action for other putative plaintiffs must fail as well. Aside from there being insufficient allegations to support their claims at all, it is beyond peradventure that a collective action cannot proceed without an individual plaintiff. *Pruell*, 67 F.3d at 14.

Besides the case being dismissed because Plaintiffs have failed to plead individual claims, the collective action claims must be dismissed because "where, as here, a plaintiff brings suit on behalf of himself and others similarly situated, his complaint should indicate who those other employees are and explain their alleged entitlement to relief." *Verdecchio*, 2012 WL 6624200, at *3. Since *Twombly* and *Iqbal*, SCO asserts that the mere allegation that "upon information and belief" the collective action plaintiffs suffered the same alleged faults as Plaintiffs without any factual allegations to support that assertion is insufficient to state a claim.  In *Dyer*, the court held that:

> Having concluded that a motion to dismiss is an appropriate vehicle for testing the sufficiency of the factual allegations supporting an FLSA collective action, the Court turns to the factual allegations at issue here. The Plaintiff has presented "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. The Plaintiff merely asserts that she seeks a collective action with a class of employees that is "similarly situated in terms of job duties, pay, and compensation." (Compl.¶ 30.) This is a legal conclusion. "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555. The collective action portion of the Complaint presents "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. "Rule 8(a) (2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 556 n.3.
>
> The collective action cause of action does not give the Defendants fair notice of the Plaintiff's putative class.

2013 WL609307, at *4.

There are simply no allegations in the Complaint in the case at bar as to who these individuals are other than to say that they are "all persons presently or formerly employed as hourly employees of Defendants who work or worked for Defendants as 'Certified Nursing Assistants' and/or in similar non-exempt positions with similar duties, and who were subject to Defendants'

unlawful pay practices and policies." (Compl. at ¶ 14.) Plaintiffs also include an additional sub-class of "night shift" workers. (Compl. at ¶ 15.) (With respect to the allegations involving meal breaks, Plaintiffs allege only these "night shift" workers did not take uninterrupted meal breaks. Any claims involving workers other than these night shift workers with respect to the meal breaks must be dismissed.)  However, there are no allegations as to the job classifications involved, shifts, times, circumstances and places, supervisors, departments, or any other information sufficient to identify these individuals, nor do Plaintiffs explain such individuals' "alleged entitlement to relief," *Verdecchio*, 2012 WL 6624200, at *3, beyond anything more than "upon information and belief."

In addition to not providing fair notice of which individuals are proposed to be in the putative class, in order to maintain a collective action Plaintiffs are required to make a "modest factual showing" that the putative collective action plaintiffs are "similarly situated" to the named plaintiffs. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192-93 (3d Cir. 2011) *reversed on other grounds*, 133 S.Ct. 1523, __U.S.__ (2013) (citation omitted). "Under the 'modest factual showing' standard, a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* (citations omitted).

Courts have held that a collective action involving the failure to take an uninterrupted meal break cannot be maintained in the health care setting, particularly where the pleadings are mere conclusory statements and where there are individuals who work in different classifications and job categories, on different shifts, for different supervisors, on different schedules, at different pay rates. *Ledbetter v. Pruitt*, 2007 WL 496451 (M.D. Ga. Feb. 12, 2007). The Court may easily take judicial notice that in the healthcare setting, there are different departments staffed by many

different classifications of employees working myriad shifts under different supervisors. A collective action is inappropriate in such a circumstance because each claim involving an uninterrupted meal break, and each claim regarding an unapplied shift differential, will ultimately have to be established upon an individual analysis of the claim. *Ledbetter*, 2007 WL 496451, at *5.

Plaintiffs here have utterly failed to include any factual details establishing a nexus between themselves and the putative class plaintiffs, other than by saying that what they claim occurred also occurred "upon information and belief" to other employees. They have set forth no factual allegations in the Complaint about the job classifications of the other employees working for SCO. They certainly do not allege that other job classifications even had meal breaks, or that the alleged policy to deduct 30 minutes from the pay even applied to other employees. They do not allege that other employees worked on shifts where they were even paid a shift differential such that their alleged FLSA violation would apply to them. Even if they had alleged these things, they do not allege that any other employee worked over 40 hours per week such that there would be an FLSA violation. Such a dearth of allegations has routinely been found insufficient and has led to the dismissal of the collective action claim. *See St. Croix*, 2012 WL 2376668  (dismissing collective action for failure to plead that the plaintiff was similarly situated to other employees); *Pickering v. Lorrillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW[Wo], 2011 WL 111730 (M.D. Alabama Jan. 13, 2011) (dismissing collective action where the plaintiff failed to plead that he was similarly situated to others).

As required by *Twombly* and *Iqbal*, Plaintiffs' Complaint must contain actual factual allegations that could support a collective action, not merely "legal conclusions" and "formulaic recitation[s]" of the elements for a collective action. *Twombly*, 550 U.S. at 570. The Complaint

must have some "heft" in order to stand. *Id.* There is simply no exemption from the pleading requirements with respect to collective actions under the FLSA, for otherwise a defendant would be subject to costly and lengthy discovery on behalf of thousands of its employees simply by a Plaintiff utilizing the word "collective action," which is basically what the Plaintiffs do in the case at bar. Accordingly, the collective action portion of the Complaint clearly must be dismissed whether or not Plaintiffs' individual claims are also dismissed.

## IV.    THE COURT MUST DISMISS THE INDIVIDUAL AND CLASS CLAIMS UNDER NEW JERSEY LAW

The standards for pleading a cause of action under New Jersey law are the same as the standards for pleading a cause of action under the FLSA. *Maldonado v. Lucca*, 629 F.Supp. 483, 485 (D.N.J. 1986).[3] Accordingly, for all the reasons set forth above, the claims (Counts II and III of the Complaint) under New Jersey law must also be dismissed. In the alternative, should the Court dismiss the federal claims under the FLSA, the Court may decline to exercise supplemental jurisdiction over the state claims.

Plaintiffs have not sufficiently alleged their individual claims that they were denied overtime compensation for the hours worked (based upon the "Unlawful Overtime Rates") under New Jersey law and payment for all hours worked (Count II). Plaintiffs Bullock and Pizarro do not even remotely allege a claim for being denied overtime compensation. Moreover, Plaintiff Jones does not even know if she has a claim. For the reasons stated in Point II(A), which is incorporated herein, the Plaintiffs' individual claims based upon a failure to pay overtime correctly and failure to pay for all hours worked must be dismissed under New Jersey law.

---

[3] Plaintiffs state that they are suing under the New Jersey Wage and Hour Law and New Jersey Wage Payment Act. (Compl. at ¶ 3.) However, another reason that the Complaint should be dismissed is that Plaintiffs do not specify any provision under New Jersey law that SCO has violated.

Similarly, Plaintiffs Jones and Pizarro's individual claims regarding meal breaks (which apparently are claimed under Counts II or III of the Complaint) must be dismissed as well for the reasons stated in Point II(B), which is incorporated herein.[4] Plaintiffs' claims under New Jersey law do not provide fair notice of what the claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555. The New Jersey claim suffers from the same infirmities as the FLSA claim. Plaintiffs state no allegations of the time periods involved or the frequency that their breaks were interrupted besides saying that they "rarely, if ever, take a bona-fide 30-minute uninterrupted meal break[]." (Compl. at ¶ 67.) There also are no allegations if the breaks were entirely interrupted or partially interrupted so that it can be determined whether the deduction was improper. Further, Plaintiffs Jones and Pizarro do not allege who authorized the work, who knew that the breaks were interrupted, whom they told about their breaks being interrupted, or whether the interruption actually required them "to give up a substantial measure of [their] time and effort." *Hill*, 751 F.2d at 815.[5]

Since Plaintiffs' individual claims must be dismissed, Plaintiffs cannot maintain a class action under the New Jersey Wage Laws. Clearly, there can be no class action without a plaintiff.

Even assuming that Plaintiffs' individual claims are not dismissed, the class action claims must be dismissed. To plead a class action after *Iqbal*, Plaintiffs must identify the elements of the claim. *Malleus*, 641 F.3d at 563. The class action claims in the case at bar "must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. Plaintiffs have not identified the elements of these

---

[4] The plaintiffs in the Complaint state that Bullock is not part of the claim involving employees working through their meal breaks.  However, Plaintiffs in the allegations in Count III under the New Jersey law claim do not exclude Bullock from the claim involving the meal breaks.  To the extent that there is no exclusion, any claim that Bullock worked through the meal breaks and was not paid in violation of the FLSA must be dismissed.

[5] As stated with respect to the allegations involving meal breaks under the FLSA claim, Plaintiffs allege only these "night shift" workers did not take uninterrupted meal breaks. Any allegations involving worker other than these night shift workers with respect to the meal breaks must be dismissed.

claims, including pleading the factual allegations to support the claims. *Luxama v. Ironbound Exp., Inc.*, No. 11-2224(ES), 2012 WL 5973277 (D.N.J. June 28, 2012) (dismissing the FLSA claim and a Class Action Claim under New Jersey Wage laws where the plaintiffs failed to plead sufficient factual content).

In order to maintain a class action under Rule 23(a) of the Federal Rules of Civil Procedure, a plaintiff must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

The proposed class also must satisfy at least one of the three requirements Rule 23(b), including that questions of law or fact common to class members predominate over any questions affecting only individual members listed.

Plaintiffs in the case at bar have failed to plead the elements for a class action under Rule 23(a). Plaintiffs have failed to meet the first element under Rule 23(a). They have failed to identify a class. After *Iqbal*, Plaintiffs must allege who is in the class. Clearly, SCO is entitled to fair notice of who is involved in the class action besides a vague statement that it includes others similarly situated.

Moreover, besides not identifying the class, Plaintiffs' Complaint does not include other factual allegations that are required to support a class action. What Plaintiffs have merely done is recite "legal conclusions" and "formulaic recitation[s]" of the elements for a class action. *Twombly*, 550 U.S. at 570. Plaintiffs have failed to allege, as required by Rule 23(a)(2), any facts showing that these other putative class action members have common questions of law and fact with Plaintiffs. Plaintiffs do not allege a nexus between themselves and the putative class members

beyond saying that what they claim happened also occurred "upon information and belief" to other employees. There are no factual allegations in the Complaint about the job classifications of the other employees working for SCO. With respect to meal breaks, Plaintiffs do not allege that other job classifications had meal breaks, any facts regarding when these employees worked through the meal breaks (including the time periods and what they did when working through the meal break) or any policy to deduct 30 minutes from the pay that even applied to other employees or applied in the same way to the other employees. As for the claim that overtime was not compensated correctly, they do not allege that other employees worked on shifts where they were even paid a shift differential such that their alleged violation would apply to them. Plaintiffs do not allege who was paid a shift differential, when it was paid, what was paid, and the circumstances why it was paid.  Further, for all the reasons stated in Point II(C), which is incorporated herein, and above, Plaintiffs have failed to allege facts showing that these other putative class action members have common questions of law and fact with Plaintiffs. Plaintiffs have not pleaded "enough facts to state a claim to relief" for a class action" that is plausible on its face," *Twombly*, 550 U.S. at 570.

In addition, as indicated in Point II(C), a class action on meal breaks is implausible in a healthcare setting. An inquiry involving meal breaks, including how much of the break was interrupted and the circumstances of how the breaks were interrupted, where there are individuals who work in different classifications and job categories, at differing shifts, for different supervisors, on different schedules, at different pay rates, is susceptible for resolution on an individual basis, not on a collective basis. *Ledbetter*, 2007 WL 496451.

Moreover, should the Court dismiss the federal claims under the FLSA, the Court may decline to use it discretion to exercise supplemental jurisdiction over the state law claims. *D&D Associates, Inc. v. Board of Education of North Plainfield*, - Fed.Appx.- (3d Cir. 2014) (court has

discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)); *Hussein v. Lolita Realty*, Civ. No. 2:11-cv-03955(KM), 2013 WL 5530256) (declining to exercise supplemental jurisdiction). Since the case has just begun, there is really no reason for this Court to maintain the state claims if the Federal claims have been dismissed.

## V.      ANY CLAIM FOR INJUNCTIVE RELIEF MUST BE DISMISSED

Plaintiffs request that the Court issue an injunction prohibiting them from continuing to maintain "its illegal policy, practice or custom in violation of federal and state law." (Compl. at "Wherefore Clause" ¶ A.) Such injunctive relief can only be obtained by the Secretary of Labor. *Balgowan v. New Jersey*, 115 F.3d 214, 218 (3d Cir.1997) ("Only the Secretary of Labor may initiate an action for injunctive relief under the FLSA."); *Flynn v. Stonegate Mortgage. Corp.*, 2010 U.S. Dist. LEXIS 90878, at *18 (D. Kan. Aug. 30, 2010) ("Although the Secretary of Labor is authorized to seek injunctive relief under the FLSA for violations of its overtime and wage provisions, private parties are not so authorized unless they are seeking injunctive relief under the anti-retaliation provision of the FLSA."). As the Plaintiffs are not seeking relief under the FLSA's retaliatory provisions, any claim for injunctive relief must be dismissed.

<u>**CONCLUSION**</u>

For all the foregoing reasons, this action must be dismissed in its entirety.

Dated: New York, New York
        February 10, 2014

                                    /s/ Stuart Weinberger
                                    Stuart A. Weinberger
                                    Goldberg & Weinberger LLP
                                    630 Third Avenue, 18th Floor
                                    New York, New York 10017
                                    (212) 867-9595 x 313