UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

—————————————————

TYMECO JONES, IESHA BULLOCK,          Civil No. 13-7910 (NLH/AMD)
and TEAIRRA PIZARRO, on
behalf of themselves and
those similarly situated,             **OPINION**

            Plaintiffs,

        v.

SCO, SILVER CARE OPERATIONS
LLC d/b/a ALARIS HEALTH AT
CHERRY HILL,

            Defendant.

—————————————————


<u>**APPEARANCES**</u>

JUSTIN L. SWIDLER
MATTHEW D. MILLER
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
     On behalf of plaintiffs

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
     On behalf of defendant

<u>**HILLMAN**</u>**, District Judge**

     Presently before the Court is the motion of defendant to

dismiss plaintiffs' putative collective and class action claims

for defendant's alleged violations of the federal Fair Labor

Standards Act and New Jersey's Wage and Hour/Wage Payment laws. For the reasons expressed below, defendant's motion will be granted in part and denied in part.

## BACKGROUND

Plaintiffs Tymeco James, Iesha Bullock, and Teairra Pizarro are employed by nursing home defendant, SCO, Silver Care Operations LLC d/b/a Alaris Health at Cherry Hill, as certified nursing assistants.  They claim that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Jersey's Wage and Hour Law and New Jersey's Wage Payment Law, when it failed to properly pay them for hours they worked in excess of 40 hours per week.  Plaintiffs James and Pizarro also claim that defendant violated the federal and state wage requirements by deducting thirty minutes of paid time for meal breaks during over-night shifts, when plaintiffs rarely, if ever, took an uninterrupted break during their normal shifts, because there are not enough CNAs working during the night shifts to permit them to take a meal break.

Defendant has moved to dismiss plaintiffs' first amended complaint, arguing that it fails to meet the federal pleading standards, as to both the plaintiffs' individual claims, and as to putative collective and class actions.  Plaintiffs have opposed defendant's motion.

2

**DISCUSSION**

**A.  Jurisdiction**

Plaintiffs bring this action on behalf of themselves and others "similarly situated" to remedy alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and therefore this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Court exercises jurisdiction over plaintiffs' pendant state law wage claims pursuant to 28 U.S.C. § 1367.[1]

**B.  Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted

---

[1] Pursuant to their New Jersey law wage claims, plaintiffs seek Rule 23 class certification in which plaintiffs must "opt-out" of the class, rather than "opt-in" under the FLSA's conditional certification.  Actions that proceed under both "opt-in" and "opt-out" procedural mechanisms are sometimes referred to as "hybrid" actions.  Although some courts have declined to exercise jurisdiction over the state law claims in such hybrid actions, the Third Circuit recently ruled that jurisdiction over a Rule 23 "opt-out" class action based on state-law claims that parallel the FLSA is not "inherently incompatible" with the FLSA's conditional certification "opt-in" procedure.  See Knepper v. Rite Aid Corp., 675 F.3d 249, 260 (3d Cir. 2012) (also concluding that the FLSA does not preempt state law claims).  Thus, the Court exercises supplemental jurisdiction over plaintiffs' state wage claims because the underlying operative facts concerning the state law claims are the same as the FSLA claim.  See Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir. 1995) (district courts will exercise supplemental jurisdiction if the federal and state claims "are merely alternative theories of recovery based on the same acts,") (citing Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 479 (3d Cir. 1979)).

pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'

4

. . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

5

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**C.   Analysis**

Following the parties' briefing on defendant's motion to dismiss, the Third Circuit Court of Appeals clarified the proper pleading standard for FLSA claims. The Third Circuit first

explained that the "'FLSA establishes federal minimum-wage,
maximum-hour, and overtime guarantees that cannot be modified by
contract.'" Davis v. Abington Memorial Hosp., 765 F.3d 236, 241
(3d Cir. 2014) (quoting Genesis Healthcare Corp. v. Symczyk, 133
S. Ct. 1523, 1527 (2013)). Under the FLSA, an employer must pay
its employees at least a specified minimum hourly wage for work
performed, and the employer must pay one and one-half times the
employer's regular wage for hours worked in excess of forty
hours per week. Id. (citing 29 U.S.C. §§ 206, 207). Employers
who violate these provisions are "liable to the employee or
employees affected in the amount of their unpaid minimum wages,
or their unpaid overtime compensation, as the case may be, and
in an additional equal amount as liquidated damages." Id.
(quoting § 216(b)). Thus, to recover overtime compensation
under the FLSA, "an employee must prove that he worked overtime
hours without compensation, and he must show the amount and
extent of his overtime work as a matter of just and reasonable
inference." Id. (citations and quotations omitted).

The Third Circuit then observed, "The level of detail
necessary to plead a FLSA overtime claim poses a more difficult
question--one that has divided courts around the country." Id.
(citation and quotation omitted). The court examined different
approaches to reviewing the sufficiency of an FLSA overtime
claim, and concluded,

> We agree with the middle-ground approach taken by the Court of Appeals for the Second Circuit in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013).  In Lundy, the court held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours." Id. at 114 (emphases added) (citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours)).

Id. at 241-42.

The Third Circuit then applied the Lundy approach to the case before it, and concluded that the plaintiffs' allegations were insufficient because "[n]one of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." Id. at 242 (explaining that "[o]f the four named plaintiffs who allege that they 'typically' worked at least forty hours per week, in addition to extra hours 'frequently' worked during meal breaks or outside of their scheduled shifts . . . none indicates that she in fact worked extra hours during a typical (that is, a forty-hour) week").

In contrast to the finding in Davis, this Court finds that plaintiffs' allegations in this case satisfy the "middle-ground" approach to analyzing FSLA claims.  The three named plaintiffs have each demonstrated, through their pleadings and exemplar pay stubs, that they worked at least one 40-hour work week, where

8

the hours they worked in excess of 40 hours were not properly compensated, either by an allegedly incorrect calculation of overtime pay, or by an allegedly unlawful 30-minute deduction for unused meal breaks.  For example, plaintiff Bullock shows a 2-week paystub for the pay period of June 23, 2013 to July 6, 2013, where she worked 40 regular hours and 3.75 overtime hours. (First Amended Complaint ¶ 68.)  Bullock claims that due to inappropriate calculations of the variety of hourly premiums or shift differentials, she was shorted $1.20 for overtime pay during that pay period.  (FAC ¶ 68 a-k.)  Plaintiffs Jones and Pizarro also provide pay stubs that show they each worked 40 hours plus overtime, and they claim defendant miscalculated their overtime pay.  (FAC ¶¶ 69, 70.)  With regard to unpaid meal breaks, Jones and Pizarro provide pay stubs that demonstrate weeks they worked in excess of 40 hours.[2]  (FAC ¶¶ 92, 93.)

---

[2] Defendant states in its moving brief that "this current lawsuit is over a total of $9.56 for all Plaintiffs, combined."  (Def. Br. at 9.)  Even though that calculation may be correct as to the three examples provided by plaintiffs to show the alleged improper calculation of overtime pay, it does not account for all the alleged improper calculations that occurred to these three plaintiffs during their many years of employment, or to the forty potential class members.  This calculation also does not account for the unpaid break time claims.  Moreover, even if the amount of alleged improper overtime pay is small, defendant has not cited to a provision in the FSLA or the NJ Wage and Hour Laws that requires a minimum amount in controversy for those claims to be actionable.

Because these specific allegations concretely demonstrate that plaintiffs worked forty hours of work "in a given workweek as well as some uncompensated time in excess" of the forty hours, plaintiffs state plausible FSLA overtime claims.  Indeed, plaintiffs' complaint exceeds the detail necessary to maintain FSLA overtime claims, as demonstrated by the Third Circuit's example in Davis:

> In reaching this conclusion, we do not hold that a plaintiff must identify the exact dates and times that she worked overtime.  For instance, a plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice.

Davis, 765 F.3d at 243.  In this case, in addition to plaintiffs alleging that they "regularly" and "often" worked extra hours during a forty-hour work week, (see FAC ¶¶ 35, 72, 97), they have provided specific examples to support that allegation. Accordingly, plaintiffs' claims satisfy the proper pleading standards and are not dismissible at this motion to dismiss stage.

Relatedly, the claims of the putative collective and class action plaintiffs are also sufficient.  Even though plaintiffs have not moved for collective action or class action certification, defendant is seeking to preemptively strike those claims based on insufficient pleadings.  Because the Court has

10

found that the named plaintiffs' allegations are sufficient, and plaintiffs have alleged that over forty other similarly situated employees of defendant have the same claims, plaintiffs' collective and class action claims cannot be dismissed at this stage.  Any challenge defendants have to the certification of collective and class action claims may be advanced once that issue is presented to the Court.  See, e.g., Naider v. A-1 Limousine, Inc., 2014 WL 5025921, *2 (D.N.J. 2014) (denying the defendant's preemptive request to strike collective and class action claims at the motion to dismiss stage, finding that the plaintiff's collective action allegations were "enough to raise a right to relief above the speculative level" that would lead to the discovery of other similarly situated employees (citing Landsman & Funk PC v. Skinder-Strauss Associates, 640 F.3d 72, 93 (3d Cir. 2011) ("[Only in a] rare [case does] the complaint itself demonstrate [ ] that the requirements for maintaining a class action have not been met.") (other citations omitted)).  Consequently, plaintiffs' putative collective and class action claims may stand at this pleading stage.

For the foregoing reasons, plaintiffs' First Amended Complaint survives defendant's motion to dismiss.  To the extent, however, that plaintiffs are seeking injunctive relief under the FSLA, such relief, as pointed out by defendants and not objected to by plaintiffs, is unavailable to plaintiffs.

11

See <u>Balgowan v. State of N.J.</u>, 115 F.3d 214, 218 (3d Cir. 1997) (citing 29 U.S.C. § 211(a)) (explaining that only the Secretary of Labor may initiate an action for injunctive relief under the FLSA).[3]  Accordingly, defendant's motion to dismiss will be denied, except as to any request for injunctive relief under the FSLA.

An appropriate Order will be entered.


Date:   <u>  October 23, 2014  </u>         <u>   s/ Noel L. Hillman   </u>
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[3]Private actions brought by employees for declaratory relief under the FSLA are permissible, however.  <u>Balgowan v. State of N.J.</u>, 115 F.3d 214, 218 (3d Cir. 1997) (citations omitted).