```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TYMECO JONES, IESHA BULLOCK, and TEAIRRA PIZARRO, on behalf of themselves and those similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>SCO, SILVER CARE OPERATIONS LLC d/b/a ALARIS HEALTH AT CHERRY HILL,<br><br>       Defendant. | Civil No. 13-7910 (NLH/AMD)<br><br>**OPINION** |

**APPEARANCES**

JUSTIN L. SWIDLER
MATTHEW D. MILLER
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
    On behalf of plaintiffs

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
    On behalf of defendant

**HILLMAN, District Judge**

    Presently before the Court is the motion of plaintiffs to conditionally certify their collective action claims for defendant's alleged violations of the federal Fair Labor

Standards Act.  Also pending is defendant's cross-motion to dismiss or stay the action pending arbitration.  For the reasons expressed below, plaintiffs' motion will be granted, and defendant's motion will be denied.

## BACKGROUND

In considering defendant's prior motion to dismiss, the Court set forth the facts as pleaded by plaintiffs in their complaint.  The Court restates plaintiffs' allegations for ease of reference in considering the pending motions:  Plaintiffs Tymeco James, Iesha Bullock, and Teairra Pizarro are employed by nursing home defendant, SCO, Silver Care Operations LLC d/b/a Alaris Health at Cherry Hill, as certified nursing assistants.  They claim that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Jersey's Wage and Hour Law and New Jersey's Wage Payment Law, when it failed to properly pay them for hours they worked in excess of 40 hours per week.  Plaintiffs James and Pizarro also claim that defendant violated the federal and state wage requirements by deducting thirty minutes of paid time for meal breaks during over-night shifts, when plaintiffs rarely, if ever, took an uninterrupted break during their normal shifts, because there are not enough CNAs working during the night shifts to permit them to take a meal break.

The Court denied defendant's motion to dismiss plaintiffs'

complaint, citing to Davis v. Abington Memorial Hosp., 765 F.3d 236, 241 (3d Cir. 2014), and finding that the three named plaintiffs each demonstrated, through their pleadings and exemplar pay stubs, that they worked at least one 40-hour work week, where the hours they worked in excess of 40 hours were not properly compensated, either by an allegedly incorrect calculation of overtime pay, or by an allegedly unlawful 30-minute deduction for unused meal breaks.  For example, plaintiff Bullock showed a 2-week paystub for the pay period of June 23, 2013 to July 6, 2013, where she worked 40 regular hours and 3.75 overtime hours.  (First Amended Complaint ¶ 68.)  Bullock claims that due to inappropriate calculations of the variety of hourly premiums or shift differentials, she was shorted $1.20 for overtime pay during that pay period.  (FAC ¶ 68 a-k.) Plaintiffs Jones and Pizarro also provided pay stubs that show they each worked 40 hours plus overtime, and they claim defendant miscalculated their overtime pay.  (FAC ¶¶ 69, 70.) With regard to unpaid meal breaks, Jones and Pizarro provided pay stubs that demonstrate weeks they worked in excess of 40 hours. (FAC ¶¶ 92, 93.)  The Court concluded that because these specific allegations concretely demonstrated that plaintiffs worked forty hours of work "in a given workweek as well as some uncompensated time in excess" of the forty hours, plaintiffs stated plausible FSLA overtime claims.

Plaintiffs have now moved for conditional certification of their FSLA collective action. Defendants have objected to plaintiffs' motion, and have cross-moved to dismiss or stay plaintiffs' claims. Defendants argue that the parties' collective bargaining agreement ("CBA") requires the arbitration of plaintiffs' claims. Plaintiffs disagree that their claims are for governed by the CBA's arbitration provision.

## DISCUSSION

A.  **Jurisdiction**

Plaintiffs bring this action on behalf of themselves and others "similarly situated" to remedy alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and therefore this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court exercises jurisdiction over plaintiffs' pendant state law wage claims pursuant to 28 U.S.C. § 1367.[1]

---

[1] Pursuant to their New Jersey law wage claims, plaintiffs seek Rule 23 class certification in which plaintiffs must "opt-out" of the class, rather than "opt-in" under the FLSA's conditional certification. Actions that proceed under both "opt-in" and "opt-out" procedural mechanisms are sometimes referred to as "hybrid" actions. Although some courts have declined to exercise jurisdiction over the state law claims in such hybrid actions, the Third Circuit recently ruled that jurisdiction over a Rule 23 "opt-out" class action based on state-law claims that parallel the FLSA is not "inherently incompatible" with the FLSA's conditional certification "opt-in" procedure. See Knepper v. Rite Aid Corp., 675 F.3d 249, 260 (3d Cir. 2012) (also concluding that the FLSA does not preempt state law claims). Thus, the Court exercises supplemental jurisdiction

**B. Analysis**

**1. Defendant's motion to dismiss or stay pending arbitration**

The Court addresses first defendant's motion to dismiss or stay plaintiffs' claims, and finds that the CBA's arbitration provision is not implicated by plaintiffs' claims.

The Supreme Court has instructed that an arbitration agreement in a CBA is enforceable when a dispute arises over the application or interpretation of the terms of the CBA. Wright v. Universal Mar. Serv. Corp., 525 U.S. 70, 78 (1998) (citing AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 650 (1986)) (other citations omitted).  Where, however, a dispute "ultimately concerns not the application or interpretation of any CBA, but the meaning of a federal statute," the CBA's arbitration clause is not implicated. Wright, 475 U.S. at 78-79.

Defendant in this case argues that plaintiffs' claims regarding underpayment for overtime and working during meal breaks are actually claims that require the interpretation of

---

over plaintiffs' state wage claims because the underlying operative facts concerning the state law claims are the same as the FSLA claim.  See Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir. 1995) (district courts will exercise supplemental jurisdiction if the federal and state claims "are merely alternative theories of recovery based on the same acts,") (citing Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 479 (3d Cir. 1979)).

5

their CBA and, therefore, those claims must be arbitrated pursuant to the CBA's arbitration provision.  Plaintiffs argue the contrary position – that their claims are for violations of the FSLA and not for violations of the CBA's terms that would trigger the arbitration provision.  The Court agrees with plaintiffs.

With regard to plaintiffs' claims regarding the 30-minute meal break, the CBA provides that employees shall receive a "free and uninterrupted" "30-minute unpaid meal period" during an 8-hour day.[2]  Defendant argues that plaintiffs' claims that they were interrupted during their unpaid 30-minute breaks directly arise out of the contract, and as such, these claims must be arbitrated.

If plaintiffs' claims were as defendant describes, the Court would agree with defendant.  Plaintiffs are claiming something different, however.  Plaintiffs are not claiming that they want the 30-minute breaks they are entitled to under the CBA, but rather that they were deducted 30 minutes of pay for breaks that they were never able to take (i.e., not compensated

---

[2] Defendant points out that employees also receive two paid 15-minute breaks during an 8-hour day, and argues that because employees often join the 15-minute breaks with their 30-minute break, it is unclear how plaintiffs should be compensated, depending on what part of the break was interrupted.  This argument goes to the substantive merits of plaintiffs' case, and it may be advanced at the appropriate stage of the case.

for 30 minutes of work), which is a violation of the FSLA, 29 U.S.C. § 207 and 29 C.F.R. § 785.19. This dispute is distinct from any right conferred by the CBA.

As for plaintiffs' claims that defendant miscalculated their regular rates by not accounting for differential pay they earned during weeks in which they worked over 40 hours, defendant argues that plaintiffs' rate of pay, of overtime or otherwise, is dictated by the CBA, and their dispute is therefore over the terms of the CBA, which is subject to arbitration. To support its position, defendant relies upon <u>Vadino v. A. Valey Engineers</u>, 903 F.2d 253 (3d Cir. 1990). There, the plaintiff acknowledged that his employer paid him one and one-half times his normal hourly rate for all hours worked in excess of the forty hour work week in compliance with Section 7(a) of the FLSA, <u>see</u> 29 U.S.C. § 207(a)(1) (requiring that employers compensate an employee working more than forty hours a week "at a rate not less than one and one-half times the regular rate at which he is employed"), but the plaintiff contended that his "regular rate" was the hourly rate he was entitled to as a journeyman under the collective bargaining agreement, and not the lower rate which he was actually paid. The Third Circuit, following Supreme Court precedent, determined that the plaintiff's claim constituted a dispute over what rate of pay he was entitled to under the CBA, and plaintiff was required to

7

comply with the terms of the CBA by exhausting the internal grievance procedure before filing suit. Vadino, 903 F.2d at 265-66.[3]

This case is different from Vadino. Plaintiffs are not claiming that they should have been compensated at a special rate of pay as defined by the CBA. Plaintiffs are claiming that defendant's failure to include all of plaintiffs' differential pay in its calculation of their regular rates resulted in defendant paying them less than 1.5 times their regular rates for overtime hours. Thus, by not paying plaintiffs "at a rate not less than one and one-half times the regular rate at which [they are] employed," 29 U.S.C. § 207(a)(1), plaintiffs claim that defendant violated the FSLA. Moreover, as plaintiffs point out, there is no provision in the CBA that defines "regular rate" or "differentials," and plaintiffs' claims therefore cannot be construed to be a breach of contractual terms that do not exist.

---

[3] The Third Circuit elaborated, "It follows that in the event of a dispute as to the correct wage rate under a collective bargaining agreement and a consequential claim under the overtime provision of the FLSA, the procedure we envision is to decide the contract interpretation issue through the grievance procedure to arbitration. If exhaustion can be excused, then the employee may file a section 301 claim. . . . Concurrent with that, the employee may bring a FLSA claim, but the FLSA overtime claim would be dependent upon the resolution in the section 301 claim of the contract interpretation issue." Vadino v. A. Valey Engineers, 903 F.2d 253, 266 (3d Cir. 1990).

Accordingly, the Court finds that plaintiffs' claims are FLSA-based violations that are distinct from ones that contend the terms of the CBA have been breached, and they are not subject to the CBA's arbitration provision.[4]

### 2. Plaintiffs' motion for conditional certification

Plaintiffs are seeking to conditionally certify this matter as a collective action under the FLSA, and to authorize Court-supervised notice to similarly situated employees. The court in Pearsall-Dineen v. Freedom Mortgage Corp., 27 F. Supp. 3d 567, 569-71 (D.N.J. 2014) (quoting 29 U.S.C. § 216(b) and following Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 242–43 (3d Cir. 2013)), recently articulated the two-step process by which the FLSA permits an employee who believes his or her right to overtime compensation has been violated to proceed in a collective action, "for and on behalf of himself or themselves

---

[4] The CBA requires that employees follow internal grievance procedures and ultimately submit to arbitration for disputes arising out of the CBA. It also explicitly requires employees to follow that procedure if they feel they have been discriminated against due to race, gender, etc. (Docket No. 34-2 at 118-119.) The CBA does not contain a similar provision for FLSA claims, which also defeats defendant's argument that plaintiffs' FLSA claims must go to arbitration. See Snyder v. Dietz & Watson, Inc., 837 F. Supp. 2d 428, 440 (D.N.J. 2011) (citing Wright, 525 U.S. at 80) ("An employee's claims that are based on statutory rights, and are thus independent of the rights created by a CBA, may only be subject to arbitration where the CBA contains a 'clear and unmistakable' waiver of a judicial forum for such rights.").

and other employees similarly situated":

> The first step analysis begins when a plaintiff moves for conditional certification of a collective action. This step generally "occurs early in the litigation when the court has minimal evidence." The conditional certification process, despite sometimes borrowing the language of class action certification from Federal Rule of Civil Procedure 23, is not really a certification but instead is a "district court's exercise of [its] discretionary power ... to facilitate the sending of notice to potential class members." Symczyk v. Genesis Healthcare Corp., 656 F.3d 189, 194 (3d Cir. 2011) (citation omitted), rev'd on other grounds sub nom. Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013).
>
> When considering the first step of conditional certification, courts apply a "fairly lenient standard" to determine whether the plaintiff has met the "modest factual showing" necessary for certification. Zavala, 691 F.3d at 536 n.4. Under this standard, a plaintiff "must produce some evidence beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." Id. (internal quotation marks omitted) (quoting Symczyk, 656 F.3d at 193). This generally requires review of both the pleadings and affidavits in support of or in opposition to the proposed collective action. A showing that opt-in plaintiffs bring the same claims and seek the same form of relief has been considered sufficient for conditional certification.
>
> Following conditional certification, a FLSA collective action proceeds to discovery. At or near the conclusion of discovery, a court (upon motion by either the plaintiff for final certification or by the defendant for decertification) proceeds to the final step for certification. Symczyk, 656 F.3d at 193. "It is possible for a class to be certified at stage one but fail certification at stage two." The final certification step requires a plaintiff to establish, by a preponderance of the evidence, that the plaintiff and opt-in plaintiffs are "similarly situated." Zavala, 691 F.3d at 536. Courts make this evaluation on a case-by-case basis . . . .

Pearsall-Dineen, 27 F. Supp. 3d at 569-71 (some citations and

quotations omitted).

Here, plaintiffs have readily met the "fairly lenient standard" of providing evidence of a factual nexus between the named and opt-in plaintiffs' underpayment of overtime pay and how this has also affected other employees who are potential opt-in plaintiffs. Plaintiffs proposed two collectives of employees – one related to the overtime pay calculation and the other related to the meal break policy. For overtime pay issues, plaintiffs' proposed collective consists of all of defendant's non-exempt employees, who, during at least one (1) workweek within the last three (3) years, worked over 40 hours and earned differential pay and/or other shift premiums. For plaintiffs' meal break policy issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked a night shift and worked at least 40 hours.

To support their proposed collective of opt-in plaintiffs, plaintiffs rely on the pleadings and sworn affidavits, which contain assertions substantiated by the pay stubs, time records, letters written by defendant, and the collective bargaining agreement. The Court finds these submission to be more than adequate for conditional certification.

Further, the Court finds that defendant's various arguments against conditional certification go to the substantive heart of

the disputed issues, and not to defeat plaintiffs' evidence showing that other employees' pay was calculated the same as the plaintiffs. "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." Genesis Healthcare, 133 S. Ct. at 1530. Defendant can challenge plaintiffs' and any opt-in plaintiffs' claims that it violated the FLSA in one fell swoop after the scope of the collective of plaintiffs is established. See Adami v. Cardo Windows, Inc., 299 F.R.D. 68, 80 (D.N.J. 2014) ("Because a full evaluation of the merits is not appropriate at this [conditional certification] stage, it is sufficient that Plaintiffs share similar job duties and share a similar business relationship with Defendants."); see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989) (explaining that a collective action allows plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources, and "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity").

 Having found that plaintiffs' two putative collective actions may be conditionally certified, the next step is the method for determining the scope of the collective actions. Potential opt-in plaintiffs must be informed of this case and

provided the opportunity to join the litigation. To this end, plaintiffs have provided a proposed notice and consent form, and they seek defendant to provide the last known names, addresses, e-mail addresses, and phone numbers for of all individuals who have worked for defendant as an hourly employee and received differential pay or as a CNA who worked a night shift at any point in the three years preceding the filing of named plaintiffs' complaint to the present. Plaintiffs also ask that this Court order defendant to provide such information, in importable and electronic form (i.e., Microsoft excel, csv, or a similar format), and to ensure that this information can be easily imported, the spreadsheet should contain separate columns for first name, last name, street address, city, state, zip code, country, phone number, and e-mail address. Plaintiffs also request that this Court order plaintiffs to mail the proposed notice, by first class mail, to all such individuals.

Defendant wholesale objects to plaintiffs' proposed notice and consent form and plaintiffs' request for employee information, and presents over a dozen arguments for its objections. In reply, plaintiffs state that in order to facilitate a timely resolution of the matter, they will acquiesce to the majority of defendant's objections, except that they maintain their request for (1) requiring defendants to provide three years of employee information, not two; (2) a 90-

13

day opt-in period, not 30 or 45 days; (3) plaintiffs' ability to send a reminder notice; (4) not having to provide the fee structure of plaintiffs' counsel; and (5) not having to modify items that defendant objects to without explanation or justification.

The Court finds that plaintiffs' notice shall be modified to incorporate defendant's objections, except for the five points plaintiffs seek to maintain.  Plaintiffs shall prepare a revised notice and consent form within 14 days, and provide it to defendant and the Court for review, along with a proposed Order approving the revised notice and consent form.  Defendant shall have 14 days from the time plaintiffs submit their revised notice to advance any other objections.

## CONCLUSION

For the reasons expressed above, plaintiffs' FLSA claims are distinct from the terms of parties' CBA, and they may proceed with their case in this Court.  Plaintiffs have met the standard for conditional certification of their two categories of collective actions.  Plaintiffs' notice and consent form will be modified consistent with this Opinion.  An accompanying Order will be entered.

Date:   September 22, 2015            s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.