UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYMECO JONES, IESHA BULLOCK, and TEAIRRA PIZARRO, on behalf of themselves and those similarly situated, | Civil No. 13-7910 (NLH/AMD) |
| | **OPINION** |
| Plaintiffs, | |
| v. | |
| SCO, SILVER CARE OPERATIONS LLC d/b/a ALARIS HEALTH AT CHERRY HILL, | |
| Defendant. | |

**APPEARANCES**

JUSTIN L. SWIDLER
MATTHEW D. MILLER
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
    On behalf of plaintiffs

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
    On behalf of defendant

**HILLMAN**, District Judge

    Presently before the Court is defendant's motion to reconsider the Court's September 22, 2015 Opinion and Order granting plaintiffs' motion to conditionally certify their collective action claims for defendant's alleged violations of the

federal Fair Labor Standards Act, and denying defendant's cross-motion to dismiss or stay the action pending arbitration. Defendant also requests that this Court grant their application for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) should the Court deny their motion for reconsideration. For the reasons expressed below, defendant's motion will be granted as to the modification of one term in the conditionally certified class, but denied in all other respects.

## BACKGROUND & DISCUSSION

Plaintiffs are certified nursing assistants employed by nursing home defendant, SCO, Silver Care Operations LLC d/b/a Alaris Health at Cherry Hill. They claim that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Jersey's Wage and Hour Law and New Jersey's Wage Payment Law, when it failed to properly pay them for hours they worked in excess of 40 hours per week, and by deducting thirty minutes of paid time for meal breaks during over-night shifts, when plaintiffs rarely, if ever, took an uninterrupted break during their normal shifts.

In the Court's September 22, 2015 Opinion, the Court granted plaintiffs' motion for conditional certification of their FSLA collective action, and rejected defendant's argument that the parties' collective bargaining agreement ("CBA") required the arbitration of plaintiffs' claims. The Court held that

2

plaintiffs' claims are FLSA-based violations that are distinct from claims that contend the terms of the CBA have been breached. The Court therefore determined that plaintiff's claims are not subject to the CBA's arbitration provision.  The Court also found that plaintiffs readily met the "fairly lenient standard" to conditionally certify two collectives of employees: one related to the overtime pay calculation and the other related to the meal break policy.

In its current motion,[1] defendant argues that the Court incorrectly found that the wage issues do not involve the interpretation of the CBA and are not required to go to arbitration.  Defendant asks the Court to reconsider that decision, or certify the issue for interlocutory appeal.[2]

---

[1] A motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).

[2] During the pendency of defendant's motion for reconsideration, the Third Circuit issued a decision in a FLSA case, which, in a supplemental letter to the Court, defendant contends impacts the Court's decision of its motion for reconsideration.  (Docket No. 79.)  The Court disagrees.  In Babcock v. Butler County, 806 F.3d 153, 155 (3d Cir. 2015), the Third Circuit was tasked with determining whether a portion of time for the Butler County Prison corrections officers' meal periods was compensable under the FLSA.  The Third Circuit upheld the district court's dismissal of the plaintiffs' complaint when it applied the "predominant benefits test" to determine that the corrections officers were not primarily engaged in work-related duties during meal break periods.  Babcock, 806 F.3d at 156.  The Third Circuit also observed that the parties' CBA provided for appropriate compensation if the officers actually worked during the meal break.  Id. at 157-58.  The facts, analysis, and procedural

3

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. In reviewing defendant's motion, the Court does not find that any of these three circumstances are presented here.

Moreover, it is apparent that defendant simply disagrees with the Court's decision to not rule in its favor, and that it presents a re-argument of its positions taken in opposition to conditional certification and in support of its motion to stay pending arbitration. Re-argument and disagreement are not sufficient bases for reconsideration. See P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J.

---

posture of Babcock are inapposite to the case here. This case concerns the conditional certification of a class of plaintiffs who allege that they were not compensated for work they performed during their meal breaks, as opposed to Babcock, which concerned a motion to dismiss based on insufficient allegations in a complaint regarding an unpaid fifteen minute period during which the officers did not work but had to remain on-call. Consequently, Babcock does not affect this Court's resolution of defendant's instant motion.

2001) (providing that a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law).

Relatedly, the issues raised in defendant's opposition to conditional class certification and its cross-motion to dismiss or stay pending arbitration do not rise to the level that warrants an interlocutory appeal.  A recent FSLA collective action case that concerned a defendant's request for certification of an interlocutory appeal sets forth the interlocutory appeal standard:

> Interlocutory appeals are generally disfavored because "[p]ermitting piecemeal, prejudgment appeals ... undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." Mohawk Indus. v. Carpenter, 558 U.S. 100, 106 (1978) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981)).  However, 28 U.S.C. § 1292(b) provides an avenue for interlocutory relief if the court's order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance[s] the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.1974) (internal quotations omitted). Nevertheless, certification is "wholly within the discretion of the courts, even if the criteria are present." Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976). Accordingly, certification for interlocutory review is to be granted sparingly because only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Ruffin v. Avis Budget Car Rental, LLC, No. CIV.A. 11-01069-SDW, 2014 WL 4610421, at *1 (D.N.J. Sept. 15, 2014).  In Ruffin, the court conditionally certified a collective action as to the plaintiff's claim that defendant misclassified employees as exempt and failed to pay them for all hours worked or overtime compensation.  Ruffin, 2014 WL 4610421, at *1.  The court denied the defendant's request for interlocutory appeal because it found that the conditional certification issue did not arise out of a genuine doubt as to the legal standard, such as conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation.  Id. at *3 (citing Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996)).

 In this case, the Court does not find that the conditional certification of the collective action or the determination that plaintiffs' claims are FLSA-based claims outside the scope of the CBA to be borne out of genuine doubt as to the legal standard.  Defendant's position has been advanced, and rejected depending on the circumstances, by many other employers in FSLA cases for the past 35 years.  See, e.g., Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 745-46 (1981) ("[T]he FLSA rights petitioners seek to assert in this action are independent of the collective-bargaining process.  They devolve on petitioners as individual workers, not as members of a collective organization.

They are not waivable. Because Congress intended to give individual employees the right to bring their minimum-wage claims under the FLSA in court, and because these congressionally granted FLSA rights are best protected in a judicial rather than in an arbitral forum, we hold that petitioners' claim is not barred by the prior submission of their grievances to the contractual dispute-resolution procedures."); Bell v. Se. Pennsylvania Transp. Auth., 733 F.3d 490, 496 (3d Cir. 2013) ("Here, where the Operators rely solely on their statutory, rather than their contractual, rights to recovery, district courts have had no difficulty concluding that such plaintiffs may proceed on their FLSA claims without first seeking arbitration [pursuant to a CBA].")

Interlocutory relief also would not serve to advance the matter, as arbitration may or may not provide a quick resolution. See Barrentine, 450 U.S. at 743 (Because the "specialized competence of arbitrators pertains primarily to the law of the shop, not the law of the land," many arbitrators may not be conversant with the public law considerations underlying the FLSA. FLSA claims typically involve complex mixed questions of fact and law . . . . These statutory questions must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings. Although an arbitrator may be competent to resolve many preliminary factual questions,

7

such as whether the employee 'punched in' when he said he did, he may lack the competence to decide the ultimate legal issue whether an employee's right to a minimum wage or to overtime pay under the statute has been violated.").

Overall, defendant's "mere disagreement" with the Court's ruling does not constitute a "substantial ground for difference of opinion" within the meaning of § 1292(b).  <u>Kapossy v. McGraw-Hill, Inc.</u>, 942 F. Supp. 996, 1001 (D.N.J. 1996).  Accordingly, defendant's request for interlocutory appeal must be denied.

One aspect of defendant's motion may be granted.  The Court quoted from plaintiff's moving brief that "[f]or overtime pay issues, plaintiffs' proposed collective consists of all of defendant's non-exempt employees, who, during at least one (1) workweek within the last three (3) years, worked over 40 hours and earned differential pay and/or other shift premiums."  (Sept. 22, 2015 Opinion, Docket No. 58 at 11, citing Pl. Br. Docket No. 34-1 at 23, "This collective action should be certified as to all of Defendant's non-exempt employees, who, during at least one (1) workweek within the last three (3) years, worked over 40 hours and earned differential pay and/or other shift premiums.").  The Court then granted the conditional certification of that group of employees.

In its motion for reconsideration, defendant points out that plaintiffs did not seek to certify "all of defendant's non-exempt

employees" as to the overtime pay issue, but rather only certified nurse aides who were affected by this overtime practice. This is confirmed by plaintiffs' brief in response to defendant's motion to dismiss or stay pending arbitration. (Docket No. 51 at 13 n.3, "Plaintiffs do not define the class to include 'all hourly employees' as Defendants argue, but merely all CNAs who were subject to Defendants' illegal pay policies.") Because plaintiffs' complaint and all other references to the putative class specifically concern CNAs, it is evident that the description of the overtime pay class meant to only refer to employees who were CNAs. That is the class this Court conditionally certified. Moreover, it is important to precisely define a class for many legal and practical reasons. See Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am., 453 F.3d 179, 185 (3d Cir. 2006) (requiring "a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified," because "[c]lear and complete treatment of both the class and the class claims, issues, or defenses at the class certification stage will unquestionably facilitate the timely execution of . . . the court-supervised distribution of class notice to class members"). Consequently, the Court will modify its September 22, 2015 Opinion to provide a clear and precise statement of the parameters defining the classes that are conditionally certified as follows:

9

    1.   For overtime pay issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked over 40 hours and earned differential pay and/or other shift premiums.

    2.   For plaintiffs' meal break policy issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked a night shift and worked at least 40 hours.

    The remainder of the Opinion will not be reconsidered.

## CONCLUSION

    For the reasons expressed above, defendant's motion for reconsideration or interlocutory appeal will be denied, except for the clarification of the conditionally certified class concerning overtime pay. An accompanying Order will be entered.

Date: December 16, 2015         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.