```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TYMECO JONES, IESHA BULLOCK, and TEAIRRA PIZARRO, on behalf of themselves and those similarly situated,

       Plaintiffs,

    v.

SCO, SILVER CARE OPERATIONS LLC d/b/a ALARIS HEALTH AT CHERRY HILL,

       Defendant.

Civil No. 13-7910 (NLH/AMD)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES**

JUSTIN L. SWIDLER
MATTHEW D. MILLER
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
    On behalf of plaintiffs

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
    On behalf of defendant

**HILLMAN, District Judge**

    WHEREAS, in this Fair Labor Standard Act case, this Court having granted plaintiffs' motion to conditionally certify two classes as collective actions [34], and denied defendant's motion for reconsideration of that decision [81]; and

WHEREAS, in the Court's Opinion and Order granting plaintiffs' motion to conditionally certify two classes as collective actions, the Court having directed:

> Plaintiffs' notice and consent form shall be modified to incorporate defendant's objections, except for the five points plaintiffs seek to maintain. Plaintiffs shall prepare a revised notice and consent form within 14 days, and provide it to defendant and the Court for review, along with a proposed Order approving the revised notice and consent form. Defendant shall have 14 days from the time plaintiffs submit their revised notice to advance any other objections.

(Docket No. 59); and

WHEREAS, the parties having followed the Court's direction (see Docket Nos. 61, 62, 68, 69); and

WHEREAS, the Court having considered the parties' submissions, as well as supplemental letters submitted to this Court (see Docket Nos. 74, 75); but

WHEREAS, prior the Court having issued a decision on the proper content of the notice and consent form, defendant having filed an appeal with the Third Circuit Court of Appeals as to the Court's grant of conditional certification and denial of defendant's motion for reconsideration (see Docket No. 84); and

WHEREAS, defendant having also filed a motion to stay this matter pending its appeal, arguing that its position that plaintiffs' claims should be arbitrated is a dispositive legal issue ripe for appeal and divests this Court of jurisdiction to take further action in this case (Docket No. 89); and

WHEREAS, plaintiffs having filed a letter in response, indicating that they will be opposing defendant's motion to stay, and will also be filing a motion for equitable tolling (Docket No. 90); and

WHEREAS, plaintiffs having repeatedly argued to the Court that defendant's series of motions and its current appeal is a delay tactic designed to intentionally run out the statute of limitations on potential opt-in collective action members, because the statute of limitations is not tolled for potential opt-in collective action members in FLSA cases until those members have affirmatively opted-in; and

WHEREAS, plaintiffs arguing that those members cannot opt-in until the Court approves the notice and consent form, and the notice and consent form are distributed to the potential members; and

WHEREAS, the Court recognizing that the denial of defendant's motion to compel arbitration provides for appellate jurisdiction over defendant's appeal, and divests this Court of jurisdiction to take further action until the appeal is decided, see Palcko v. Airborne Express, Inc., 372 F.3d 588, 591 (3d Cir. 2004) (citations omitted) ("The FAA, 9 U.S.C. § 16(a), provides for appellate jurisdiction over Airborne's appeal from the District Court's order denying its motion to compel arbitration."); Sandvik AB v. Advent Int'l Corp., 220 F.3d 99,

3

103 (3d Cir. 2000) ("The more natural reading [the FAA] would therefore be to treat all orders declining to compel arbitration as reviewable."); Tae In Kim v. Dongbu Tour & Travel, Inc., 529 F. App'x 229, 233 (3d Cir. 2013) (citing Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007)) ("[O]rdinarily an appeal from an order denying a motion for arbitration divests a district court of jurisdiction over the action that a party seeks to have submitted to arbitration, and thus the appeal automatically stays proceedings in the district court."); see also Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000) ("The question whether there was a binding arbitration clause is quite possibly inextricably bound with the underlying merits of the case-that is, the question whether the parties entered into the underlying contract."); and

WHEREAS, the Court understands plaintiffs' position, but the Court cannot preclude defendants from filing motions or an appeal, unless plaintiffs can demonstrate that defendant's actions are in violation of Fed. R. Civ. P. 11 ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

litigation."); Tae In Kim, 529 F. App'x at 233 (citing Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007)) ("[A]n appeal from an order denying a motion for arbitration will not stay the district court proceedings if it is "frivolous or forfeited."); and

    WHEREAS, to the extent that potential opt-in members' rights under the FSLA are being affected by the protracted litigation process, and plaintiffs feel that they should be entitled to equitable tolling or other equitable relief, such arguments can now be appropriately advanced before the Third Circuit, as there is no binding authority on the issue, see Harrison v. DelGuerico's Wrecking & Salvage, Inc., 305 F.R.D. 85, 90 (E.D. Pa. 2015) (citing Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005)) (explaining that the Third Circuit has identified three principal situations in which equitable tolling is appropriate: (1) "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision"; (2) "where the plaintiff in some extraordinary way has been prevented from asserting his rights"; or (3) "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."); id. (citing Adami v. Cardo Windows, Inc., 299 F.R.D. 68, 83 (D.N.J. 2014) ("The Third Circuit, however, has yet to address the issue of whether

5

equitable tolling is appropriate where a defendant fails to disclose the names of potential collective action members [in FLSA] actions."); Adami, 229 F.R.D. at 83 (internal citations omitted) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period. . . . [G]ranting the remedy of equitable tolling any time the defendant fails to provide contact information effectively would require that the statute of limitations for FLSA claims be tolled for all potential plaintiffs whenever plaintiff files the complaint. Such a requirement is contrary to the clear language of 29 U.S.C. § 256."); and

 WHEREAS, the Court finding that staying the matter until the Third Circuit's resolution of defendant's appeal is not only required, it will also serve to foster the efficient determination of the legal arguments advanced by defendant (i.e., plaintiffs' claims must be arbitrated under the arbitration clause in the collective bargaining agreement and cannot be maintained as a collective action) and plaintiffs (i.e., a defendant's litigation strategy to delay notice to potential collective action members in FSLA cases so that those members' claims are barred by the now-run statute of limitations

6

should not be countenanced);

THEREFORE,

IT IS on this   19TH   day of   February  , 2016

ORDERED that defendant's motion to stay pending the resolution of defendant's appeal [89] be, and the same hereby is, GRANTED.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |