## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

TYMECO JONES, IESHA BULLOCK,    Civil No. 13-7910 (NLH/AMD)
and TEAIRRA PIZARRO, on
behalf of themselves and
those similarly situated,    **MEMORANDUM OPINION & ORDER**

        Plaintiffs,

    v.

SCO, SILVER CARE OPERATIONS
LLC d/b/a ALARIS HEALTH AT
CHERRY HILL,

        Defendant.

_____

**APPEARANCES**

JUSTIN L. SWIDLER
MATTHEW D. MILLER
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
    On behalf of plaintiffs

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
    On behalf of defendant

**HILLMAN**, District Judge

    WHEREAS, in this Fair Labor Standard Act case, this Court

having granted plaintiffs' motion to conditionally certify two

classes as collective actions [34], and denied defendant's

motion for reconsideration of that decision [81]; and

WHEREAS, in the Court's Opinion and Order granting plaintiffs' motion to conditionally certify two classes as collective actions, the Court having directed:

> Plaintiffs' notice and consent form shall be modified to incorporate defendant's objections, except for the five points plaintiffs seek to maintain.  Plaintiffs shall prepare a revised notice and consent form within 14 days, and provide it to defendant and the Court for review, along with a proposed Order approving the revised notice and consent form.  Defendant shall have 14 days from the time plaintiffs submit their revised notice to advance any other objections.

(Docket No. 59); and

WHEREAS, the parties having followed the Court's direction (see Docket Nos. 61, 62, 68, 69); and

WHEREAS, the Court having considered the parties' submissions, as well as supplemental letters submitted to this Court (see Docket Nos. 74, 75); but

WHEREAS, prior the Court having issued a decision on the proper content of the notice and consent form, defendant having filed an appeal with the Third Circuit Court of Appeals as to the Court's grant of conditional certification and denial of defendant's motion for reconsideration (see Docket No. 84); and

WHEREAS, defendant having also filed a motion to stay this matter pending its appeal, arguing that its position that plaintiffs' claims should be arbitrated is a dispositive legal issue ripe for appeal and divests this Court of jurisdiction to take further action in this case (Docket No. 89); and

2

WHEREAS, plaintiffs having filed a letter in response, indicating that they will be opposing defendant's motion to stay, and will also be filing a motion for equitable tolling (Docket No. 90); and

WHEREAS, plaintiffs having repeatedly argued to the Court that defendant's series of motions and its current appeal is a delay tactic designed to intentionally run out the statute of limitations on potential opt-in collective action members, because the statute of limitations is not tolled for potential opt-in collective action members in FLSA cases until those members have affirmatively opted-in; and

WHEREAS, plaintiffs arguing that those members cannot opt-in until the Court approves the notice and consent form, and the notice and consent form are distributed to the potential members; and

WHEREAS, the Court recognizing that the denial of defendant's motion to compel arbitration provides for appellate jurisdiction over defendant's appeal, and divests this Court of jurisdiction to take further action until the appeal is decided, see Palcko v. Airborne Express, Inc., 372 F.3d 588, 591 (3d Cir. 2004) (citations omitted) ("The FAA, 9 U.S.C. § 16(a), provides for appellate jurisdiction over Airborne's appeal from the District Court's order denying its motion to compel arbitration."); Sandvik AB v. Advent Int'l Corp., 220 F.3d 99,

103 (3d Cir. 2000) ("The more natural reading [the FAA] would
therefore be to treat all orders declining to compel arbitration
as reviewable."); Tae In Kim v. Dongbu Tour & Travel, Inc., 529
F. App'x 229, 233 (3d Cir. 2013) (citing Ehleiter v. Grapetree
Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007))
("[O]rdinarily an appeal from an order denying a motion for
arbitration divests a district court of jurisdiction over the
action that a party seeks to have submitted to arbitration, and
thus the appeal automatically stays proceedings in the district
court."); see also Sandvik AB v. Advent Int'l Corp., 220 F.3d
99, 104 (3d Cir. 2000) ("The question whether there was a
binding arbitration clause is quite possibly inextricably bound
with the underlying merits of the case-that is, the question
whether the parties entered into the underlying contract."); and

WHEREAS, the Court understands plaintiffs' position, but
the Court cannot preclude defendants from filing motions or an
appeal, unless plaintiffs can demonstrate that defendant's
actions are in violation of Fed. R. Civ. P. 11 ("By presenting
to the court a pleading, written motion, or other paper . . . an
attorney  . . .  certifies that to the best of the person's
knowledge, information, and belief, formed after an inquiry
reasonable under the circumstances: (1) it is not being
presented for any improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of

litigation."); <u>Tae In Kim</u>, 529 F. App'x at 233 (citing <u>Ehleiter</u>
<u>v. Grapetree Shores, Inc.</u>, 482 F.3d 207, 215 n.6 (3d Cir. 2007))
("[A]n appeal from an order denying a motion for arbitration
will not stay the district court proceedings if it is "frivolous
or forfeited."); and

WHEREAS, to the extent that potential opt-in members'
rights under the FSLA are being affected by the protracted
litigation process, and plaintiffs feel that they should be
entitled to equitable tolling or other equitable relief, such
arguments can now be appropriately advanced before the Third
Circuit, as there is no binding authority on the issue, <u>see</u>
<u>Harrison v. DelGuerico's Wrecking & Salvage, Inc.</u>, 305 F.R.D.
85, 90 (E.D. Pa. 2015) (citing <u>Podobnik v. U.S. Postal Serv.</u>,
409 F.3d 584, 591 (3d Cir. 2005)) (explaining that the Third
Circuit has identified three principal situations in which
equitable tolling is appropriate: (1) "where the defendant has
actively misled the plaintiff respecting the plaintiff's cause
of action, and that deception causes non-compliance with an
applicable limitations provision"; (2) "where the plaintiff in
some extraordinary way has been prevented from asserting his
rights"; or (3) "where the plaintiff has timely asserted his or
her rights mistakenly in the wrong forum."); <u>id.</u> (citing <u>Adami</u>
<u>v. Cardo Windows, Inc.</u>, 299 F.R.D. 68, 83 (D.N.J. 2014) ("The
Third Circuit, however, has yet to address the issue of whether

equitable tolling is appropriate where a defendant fails to
disclose the names of potential collective action members [in
FLSA] actions."); Adami, 229 F.R.D. at 83 (internal citations
omitted) ("Congress knew when it enacted 29 U.S.C. § 256 that
time would lapse between the filing of the collective action
complaint by the named plaintiff and the filing of written
consents by the opt-in plaintiffs, yet it chose not to provide
for tolling of the limitations period. . . . [G]ranting the
remedy of equitable tolling any time the defendant fails to
provide contact information effectively would require that the
statute of limitations for FLSA claims be tolled for all
potential plaintiffs whenever plaintiff files the complaint.
Such a requirement is contrary to the clear language of 29
U.S.C. § 256."); and

   WHEREAS, the Court finding that staying the matter until
the Third Circuit's resolution of defendant's appeal is not only
required, it will also serve to foster the efficient
determination of the legal arguments advanced by defendant
(i.e., plaintiffs' claims must be arbitrated under the
arbitration clause in the collective bargaining agreement and
cannot be maintained as a collective action) and plaintiffs
(i.e., a defendant's litigation strategy to delay notice to
potential collective action members in FSLA cases so that those
members' claims are barred by the now-run statute of limitations

6

should not be countenanced);

    THEREFORE,

    IT IS on this <u>  19TH  </u> day of <u>  February  </u> , 2016

    ORDERED that defendant's motion to stay pending the
resolution of defendant's appeal [89] be, and the same hereby
is, GRANTED.


                                  <u>  s/ Noel L. Hillman  </u>

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.