### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYMECO JONES, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> SCO, SILVER CARE OPERATIONS LLC D/B/A ALARIS HEALTH AT CHERRY HILL, *et al*. <br><br> Defendants. | No. 13-cv-7910-NLH-AMD |

### MOTION FOR APPROVAL OF SETTLEMENT, AND APPROVAL OF ATTORNEY'S FEES AND COSTS

### Introduction

On November 21, 2019, after nearly 5 years of litigation, which included significant discovery, motion practice, and an appeal before the Third Circuit Court, the Parties reached an agreement to settle this matter on behalf of the eight Plaintiffs (three Named Plaintiffs and five Opt-in Plaintiffs) for $17,500, inclusive of attorney's fees and costs. (*See* Settlement Agreement and Release attached to Decl. of Matthew D. Miller, Esq. at Exhibit A).

Pursuant to the agreement, Defendants will pay $17,500 to settle all claims in this action. The settlement resolves all claims, including allegations that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). In exchange for the payment of $17,500, the eight Plaintiffs will release their wage and hour claims.

The settlement gives Plaintiffs what they could have recovered should they have obtained a verdict in court plus an additional amount for attorney's fees and costs. Given Plaintiffs'

1

counsel's extensive hours, Plaintiffs' potential attorney's fees significantly factored into the negotiation.

Each of the eight[1] Plaintiffs executed the settlement agreement, which stated how much each individual would receive, what claims they were releasing, and the amount of attorney's fees being paid.

For the reasons stated above and briefed below, this Court should approve the settlement reached.

## **Legal Argument**

### I.     **The Settlement Should Be Approved.**

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained enough information over the course of extensive litigation to allow them to make informed decisions regarding settlement. The Parties also respectfully submit that this Court should approve the settlement reached among the Parties as fair and reasonable. *See* 29 U.S.C. §216(c); *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2 (D. N.J. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

District courts in the Third Circuit typically look to the considerations set forth in *Lynn's Food* when deciding whether to approve a FLSA settlement. *Altenbach v. Lube Center, Inc*., 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1 (M.D. Pa. 2013). Pursuant to *Lynn's Food*, the Court reviews the parties' agreements to determine if they are "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues

---

[1] Though seven (7) individuals filed consent forms in addition to the three (3) Named Plaintiffs, two individuals, James Ruch and Irissel, were not eligible to join under the definition of the conditionally certified class and thus were improperly identified as eligible individuals. Specifically, neither individual ever worked a night shift or earned a shift differential during a workweek in which they worked over 40 hours.

that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the Settlement Agreement and the settlement amounts were the subject of arms-length negotiations. The settlement amounts were based on information learned during discovery, including the exchange of Plaintiffs' pay records, as well as negotiations between counsel. The Parties, therefore, respectfully submit that the Settlement Agreements they have entered into represents a reasonable compromise of Plaintiffs' claims consistent with the FLSA's intent and purpose and the requirements of *Lynn's Food*.

Plaintiffs filed the instant action to recover overtime wages based on two alleged violations of the FLSA: 1) Defendants failed to include all remuneration earned by Plaintiff, including shift-differentials, in their regular rate and 2) Defendants unlawfully deducted 30 minutes from Plaintiffs' wages for meal breaks, which Plaintiffs were not able to take.

As to Plaintiffs' regular rate claim, Plaintiffs calculated total unpaid overtimes wages of $436.50. As to the meal break claim, Plaintiffs calculated total unpaid overtime wages of $3,729.89. With liquidated (double) damages under the FLSA, Plaintiffs' damages totaled $8,332.77. Through the settlement, Plaintiffs collectively will receive a payment of $8,406.77.[2] The individual totals for damages and settlement payment are broken down in the below table:

| Name | Owed Overtime (Regular Rate) | Owed Overtime (Meal Break) | Total Damages (With Liquidated Damages) | Settlement Payment |
|---|---|---|---|---|
| Tymeco Jones | $121.50 | $573.72 | $1,390.44 | $1,390.44 |

[2] The total payment slightly exceeds the total damages, which is due to the payments to Ms. Bullock and Ms. Smith being increased to $100 to account for the assistance they provided during the litigation. The additional money paid to Ms. Bullock and Ms. Smith did not come out of any other Plaintiffs' settlement payment.

| | | | |
|---|---|---|---|
| Iesha Bullock | $22.50 | $0.00 | $45.00 | $100.00 |
| Teairra Pizarro | $31.50 | 1,057.17 | $2,177.33 | $2,177.33 |
| Melissa Smith | $202.50 | $207.19 | $819.37 | $819.37 |
| Beverly Smith | $40.50 | $0.00 | $81.00 | $100.00 |
| Anthony Garcia | $0.00 | $961.83 | $1,923.66 | $1,923.66 |
| Rosalie Pollack | $0.00 | $530.99 | $1,061.97 | $1,061.97 |
| Chandra Murray | $18.00 | $399.00 | $834.00 | $834.00 |

Though the settlement amount is modest, it accounts for all the damages available under the FLSA's two-year statute of limitations, with liquidated damages. Moreover, there is a real risk that even if Plaintiffs succeeded in obtaining a verdict on both claims, which is far from certain, the damages could be discounted by the jury. The above damage calculations assume that each and every meal break that Defendant deducted from Plaintiffs' wages was compensable. There is a substantial risk of a jury finding that not every single meal break was compensable as testimony from Defendant's managers may have convinced a jury that, even if some meal break violations occurred, Plaintiffs were able to take their full meal break on occasion.

Accordingly, the settlement, which pays Plaintiffs all of their damages, is reasonable, fair, and should be approved.[3]

**II.     The Court should award the requested attorney's fees and costs.**

Finally, in FLSA cases, judicial approval of attorneys' fees is necessary "'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *In re Chickie's & Pete's Wage & Hour Litig.,* 2014 U.S. Dist. LEXIS 30366, *11-13 (E.D. Pa. 2014); *Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *9 (*quoting Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir.

---

[3] While settlement of a case of this value at a much earlier point in time would have been ideal, despite Plaintiffs' efforts, Defendant did not entertain the possibility of resolving the matter until the time Plaintiffs were about to move for summary judgment on the regular rate claim and prepare for trial on the meal break claim, more than 4 years into the litigation and after extensive motion and appellate practice.

2009)). The court "must articulate the basis for a fee award." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001).

Class counsel here seeks an award of fees and costs of $9,093.23. The requested fee is based on the substantial work Counsel performed in the lawsuit and the substantial risk Counsel took in bringing and prosecuting the lawsuit. Counsel took this case on a pure contingency and agreed to receive nothing in this matter – including waiving recoupment of all costs – if the class did not obtain a recovery in this matter.

For over 5 years, and as noted above, Counsel has diligently litigated this matter without any compensation. During that time, Counsel has incurred $753.15 in costs relating to the prosecution of this matter. (*See* Decl. of Matthew D. Miller, Esq. at ¶ 3).  Prior to settling this matter, Counsel engaged in extensive litigation, including but not limited to 1) filing the motion for conditional certification, 2) opposing two different motions to dismiss[4] and Defendant's motion for reconsideration, 3) opposing Defendant's interlocutory appeal to the Third Circuit Court of Appeals, and 4) serving and responding to written discovery requests (on behalf of ten plaintiffs). Furthermore, Counsel reviewed and analyzed hard copies of each Plaintiffs' (ten individuals) pay and time records to calculate each Plaintiff's damages.

Though four different attorneys at Swartz Swidler, LLC worked on this case,[5] the time spent by just undersigned counsel, a partner of Swartz Swidler, LLC, on just the briefing in this case and oral arguments before the Third Circuit is 147 hours. (*See* Decl. of Matthew D. Miller,

---

[4] Defendant's Motion to Dismiss the Amended Complaint (Dkt. No. 13) and Defendant's Cross-Motion to Dismiss and Compel Arbitration (Dkt. No. 41).

[5] Partners Richard Swartz, Justin Swidler, and Matthew Miller, and Associate Travis Martindale performed substantial work in this matter.

Esq. at ¶ 4). At a modest hourly rate of $300 per hour[6], the lodestar for just those 147 hours spent by undersigned counsel is $44,100.

Accordingly, $9,093.23, which is inclusive of both attorney's fees and costs[7], is reasonable.

### Conclusion

For the reasons as stated above, Plaintiffs request that the Court approve the settlement, and award the attorney's fees and costs as requested.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N, Ste. 402
Cherry Hill, NJ  08034
Telephone: (856) 685-7420
Facsimile: (856) 685-7417

Attorneys for Plaintiffs

Dated: March 29, 2019

---

[6] Five years ago, in 2014, the District Court for the Eastern District of Pennsylvania found in two different cases that $500 per hour was a reasonable hourly rate for partners at Swartz Swidler, LLC. *See McGee v. Anne's Choice, Inc.,* 2014 U.S. Dist. LEXIS 75840 (E.D. Pa. 2014); *Keller v. T.D. Bank, N.A.*, 2014 U.S. Dist. LEXIS 155889, *15 (E.D. Pa. 2014).