```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TYMECO JONES, IESHA BULLOCK, and TEAIRRA PIZARRO, on behalf of themselves and those similarly situated, | Civil No. 13-7910 (NLH/AMD) |
| | **OPINION** |
| Plaintiffs, | |
| v. | |
| SCO, SILVER CARE OPERATIONS LLC d/b/a ALARIS HEALTH AT CHERRY HILL, | |
| Defendant. | |

**APPEARANCES**

JUSTIN L. SWIDLER
MATTHEW D. MILLER
TRAVIS B. MARTINDALE-JARVIS
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034

    *On behalf of Plaintiffs*

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017

    *On behalf of Defendant*

**HILLMAN, District Judge**

    This matter is a collective action advanced by Plaintiffs,

who are certified nursing assistants,[1] against Defendant SCO, Silver Care Operations LLC d/b/a Alaris Health at Cherry Hill. Plaintiffs claim that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Jersey's Wage and Hour Law and New Jersey's Wage Payment Law, when it failed to properly pay them for hours they worked in excess of 40 hours per week, and by deducting thirty minutes of paid time for meal breaks during over-night shifts, when Plaintiffs rarely, if ever, took an uninterrupted break during their normal shifts.

On September 22, 2015, the Court granted Plaintiffs' motion to conditionally certify the class. After Defendant filed a motion for reconsideration and an appeal to the Third Circuit in December 2015 and January 2016 respectively, and the Third Circuit affirmed this Court on May 18, 2017, the Court resolved disputes over class notice and the parties engaged in discovery. On November 27, 2018, Plaintiffs'

---

[1] In addition to the three originally named Plaintiffs, seven individuals filed consent forms to opt-in after receiving notice of the collective action. Two of those individuals who filed consent forms were not eligible to join under the definition of the conditionally certified class and were improperly identified as eligible individuals because neither individual ever worked a night shift or earned a shift differential during a workweek in which they worked over 40 hours. Thus, this settlement concerns the claims of eight Plaintiffs.

2

counsel reported that the matter had settled.[2]  On March 29, 2019, Plaintiffs filed a motion to approve the settlement, to which no objection has been filed.[3]

Because Plaintiffs' claims are for alleged violations of the FLSA, the Court is required to review the settlement agreement and determine whether the matter concerns a bona fide dispute, and whether the settlement is a fair and reasonable resolution for Plaintiffs.  See Brumley v. Camin Cargo Control, Inc., 2012 WL 1019337, at *1 (D.N.J. 2012) ("Employees have two avenues for compromising an FLSA claim: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); and (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)."); Chillogallo v. John Doe LLC #1, 2018 WL 4735737, at *1 (D.N.J. 2018) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached is a fair and

---

[2] On November 29, 2018, the Court entered an order administratively terminating the matter pending the filing of Plaintiffs' motion to approve the settlement.

[3] The return date for Plaintiffs' motion was May 6, 2019.

3

reasonable resolution of a bona fide dispute over FLSA provisions."); Bettger v. Crossmark, Inc., 2015 WL 279754, at *3 (M.D. Pa. 2015) ("Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary.")).

The parameters of the settlement are as follows:

Plaintiffs' claims are based on two alleged violations of the FLSA: 1) Defendant failed to include all remuneration earned by Plaintiffs, including shift-differentials, in their regular rate and 2) Defendant unlawfully deducted 30 minutes from Plaintiffs' wages for meal breaks, which Plaintiffs were not able to take.

As to Plaintiffs' regular rate claim, Plaintiffs calculated total unpaid overtimes wages of $436.50. As to the meal break claim, Plaintiffs calculated total unpaid overtime wages of $3,729.89. With liquidated (double) damages under the FLSA, Plaintiffs' damages totaled $8,332.77. Through the settlement, Plaintiffs collectively will receive a payment of $8,406.77.

The individual totals for damages and settlement payment

is as follows:

| Name | Owed Overtime (Regular Rate) | Owed Overtime (Meal Break) | Total Damages (With Liquidated Damages) | Settlement Payment |
|---|---|---|---|---|
| Tymeco Jones | $121.50 | $ 573.72 | $1,390.44 | $1,390.44 |
| Iesha Bullock | $ 22.50 | $ 0.00 | $ 45.00 | $ 100.00 |
| Teairra Pizarro | $ 31.50 | 1,057.17 | $2,177.33 | $2,177.33 |
| Melissa Smith | $202.50 | $ 207.19 | $ 819.37 | $ 819.37 |
| Beverly Smith | $ 40.50 | $ 0.00 | $ 81.00 | $ 100.00 |
| Anthony Garcia | $ 0.00 | $ 961.83 | $1,923.66 | $1,923.66 |
| Rosalie Pollack | $ 0.00 | $ 530.99 | $1,061.97 | $1,061.97 |
| Chandra Murray | $ 18.00 | $ 399.00 | $ 834.00 | $ 834.00 |

The parties have provided the Court with the settlement agreement, which details the procedural history of the case, the settlement amounts for each Plaintiff, the release of their claims against Defendant, no admission of liability by Defendant, and the dismissal of the action with prejudice. (Docket No. 130-2.)

The Court finds that the matter concerns a bona fide dispute and the settlement is a fair and reasonable resolution for Plaintiffs. As Plaintiffs explain, "[A]fter nearly 5 years of litigation, which included significant discovery, motion practice, and an appeal before the Third Circuit Court,

5

the Parties reached an agreement to settle this matter on behalf of the eight Plaintiffs (three Named Plaintiffs and five Opt-in Plaintiffs) for $17,500, inclusive of attorney's fees and costs." (Docket No. 130 at 1.) Plaintiffs further explain, "Though the settlement amount is modest, it accounts for all the damages available under the FLSA's two-year statute of limitations, with liquidated damages. Moreover, there is a real risk that even if Plaintiffs succeeded in obtaining a verdict on both claims, which is far from certain, the damages could be discounted by the jury. The above damage calculations assume that each and every meal break that Defendant deducted from Plaintiffs' wages was compensable. There is a substantial risk of a jury finding that not every single meal break was compensable as testimony from Defendant's managers may have convinced a jury that, even if some meal break violations occurred, Plaintiffs were able to take their full meal break on occasion." (Id. at 4.) The Court agrees that all of these considerations compel the conclusion that the settlement is fair and reasonable under the circumstances.

With regard to attorneys' fees, Plaintiffs' counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages on behalf of a class

under the FLSA.  29 U.S.C. § 216(b).  To determine the reasonableness of an attorneys' fee award in a FLSA collective action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Brumley, 2012 WL 1019337, at *9 (citations omitted).

Plaintiffs' counsel relates that they seek an award of $9,093.23 in fees and costs ($8,270.08 in fees and $753.15 in costs).  Class counsel took the case on a pure contingency basis, and prior to settling this matter, counsel engaged in extensive litigation, including but not limited to 1) filing the motion for conditional certification, 2) opposing two different motions to dismiss and Defendant's motion for reconsideration, 3) opposing Defendant's interlocutory appeal to the Third Circuit Court of Appeals (147 hours were spent by counsel briefing the case and at oral argument, which, at a modest $300 an hour, puts the lodestar at $44,100 just for Defendant's appeal), 4) serving and responding to written discovery requests, and 5) reviewing and analyzing hard copies of each of the plaintiff's and opt-in plaintiff's pay and time records to determine which individuals who filed opt-in notices qualified as a class member and to calculate each

qualifying plaintiff's damages.

The Court finds that counsel's extensive work on the case, including effecting a favorable settlement for Plaintiffs, supports that the $9,093.23 in fees and costs sought by counsel is fair and reasonable.

Accordingly, the Court will grant Plaintiffs' motion to approve the settlement in the amount of $17,500 inclusive of attorneys' fees and costs, and enter the parties' stipulation of dismissal with prejudice.  The appropriate Orders will be entered.


Date: May 8, 2019          s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.